# Barnes *et al. v.* Carson.

### *Dower.*

1. *A reference to the register for the purpose of ascertaining the value of the statutory estate of a married woman is proper.*—When it is decreed that complainant is entitled to dower in certain lands, unless she has a statutory separate estate equal in value to her dower interest, a reference to the register to ascertain and report the extent of her statutory estate and the value of her dower interest, is a convenient method of ascertaining facts ; and is not objectionable on the ground that it refers for determination of the master, matters on which the equities of the bill rest.

2. *Evidence not offered on the reference can not be considered.*—If, in such a case, after due notice, the register reports there was no evidence that complainant had a statutory estate, and the report is confirmed, depositions, showing that complainant was in possession of other realty, but not showing the nature of her estate therein, and not offered as evidence on the reference, can not be considered for the purpose of reversing the decree.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. HURIOSCO AUSTILL.

On the 26th day of May, 1874, Kate M. Carson, the widow of Thomas A. Carson, filed a bill of complaint in the Chancery Court of Lowndes county, against Lloyd Barnes, James H. Hickson, George W. Bender, Moritz Meyer and Adolph Elkan. The complainant prayed that dower, in the lands described in the bill, " be allotted to her by metes and bounds ; and that one-third in quantity and value of said lands be allotted to her ; and that an account be taken of the rents and profits, and one-third thereof be decreed to her, with interest thereon." In the answer of Lloyd Barnes, who purchased all of said lands at the administrator's sale, and went into possession of them early in the year 1869, it was averred " that on or about the 16th of December, 1867, the complainant filed her petition in the Probate Court of Lowndes county, asking for a homestead to be allotted to her out of the said lands. And on or about the said last named day, an order was made by said Probate Court, allowing her the homestead claimed, and appointed commissioners to set apart said homestead if it could be done without injury to said estate of Carson ; and said commissioners reported that it was best to allow five hundred dollars in lieu of land by metes and bounds. And the said sum of five hundred dollars was allowed and paid to the complainant out of the pro-

ceeds of the sale of said lands by the administrator of the estate of said Carson. Defendant further answers and avers, that in said petition, so filed by said complainant, for the allowance of said homestead, she not only did not claim any dower in the said Carson estate, but showed she was not entitled to any dower in said Carson's estate, by reason of the fact, she held a large estate consisting of both real and personal property, which she had devised from her former husband, Thomas B. Burton's estate, and said real and personal estate was her separate statutory estate; and this defendant avers the fact to be, that at the time of the death of said Thomas A. Carson the said complainant had and owned property, real and personal, her separate, to the value of at least ten thousand dollars, and certainly of much more value than the value of any dower interest she would otherwise have been entitled to in the estate of the said Thomas A. Carson."

At the April term, 1877, of the Chancery Court, the cause was heard upon the pleadings and testimony.

The court was of the opinion that the complainant is entitled to dower, unless she had at the time, the sale to Barnes was confirmed by the Probate Court, or has such estate now equal in value, or exceeding in value, the value of her dower interest.

The court also "ordered and decreed that the matter be referred to the register to take testimony and report to the court, at the next term, what the value of complainant's dower interest in the lands described would be, estimated at seven years' rent of such dower interest. He will further report whether complainant had a statutory separate estate at the time the sale to Barnes was confirmed by the Probate Court, and if so, the value of such separate estate.

"He will further report whether complainant has now a statutory separate, and if so, the value thereof.

"If the register finds she had a separate estate at the first date above mentioned, and none now, he will ascertain, and report, whether such estate has been lost by negligence or fault on her part."

In accordance with the foregoing decree, the register held the reference, took testimony, and ascertained the value of the dower interest of the complainant, and reported "that there was no testimony offered as to the statutory separate estate of the complainant."

At the October term, 1877, of the Chancery Court, the cause was submitted on the pleadings and testimony, and

upon the report of the register, and the court rendered a decree, of which this is an extract:

" Upon consideration of all the facts, it is ordered, adjudged and decreed, that complainant, in the original bill, is entitled, and that she be allowed dower in said lands so purchased by Barnes, at said administrator's sale, to the extent of one-third in quantity and value of the whole of said land so purchased by said Barnes, having regard to the improvements and quality of the land as well as the quantity of dower. It appears, from the report of the register, that the value of the dower interest of complainant, that is, one-third interest in the value of the whole rent from January 1, 1869, to January 1, 1876—seven years—amounts to five hundred and thirty-one 48-100 dollars."

WATTS & SONS, and GEO. M. MARKS, for appellant.

DAVID CLOPTON, and R. M. WILLIAMSON, for appellee.

MANNING, J.—At the hearing, the chancellor held that complainant was entitled to dower in the land described in the bill, unless she had a statutory separate estate equal in value to her dower interest; and that there should be a reference to the register as master, to inquire into and report at the next term of the court, upon the matter of complainant's separate estate, and the value of such dower. A decree was made accordingly; and upon the coming in of the master's report, a decree was passed at a subsequent term, granting the dower prayed for.

The only objections assigned to the decree of reference, are, that it declares Mrs. Carson entitled to dower; that it refers it to the master to ascertain whether she had a statutory separate estate; and that it referred to him matter on which the equity of the bill rested. No other point is brought out by the assignment of errors to this decretal order, or the argument upon it.

The facts, that complainant was the widow of Thomas A. Carson, and that he died seised of the land described in the bill, and that it was purchased by defendant Barnes, at the sale thereof, made by the administrator of Carson's estate,—are not disputed. From these it followed that she was entitled to dower in the land, unless she had such an amount of statutory separate estate, as under the law, would deprive her of it.

Whether she did have such separate estate, and the value

[Barnes v. Carson.]

thereof, were certainly things proper to be ascertained by a reference to a master. They were not abstract questions of law, but matters of fact. The parties could, upon such inquiry, produce the evidence, documentary or otherwise, on which they respectively relied. The conclusions, though of the master, if not satisfactory to one side or the other, were of course, not binding, until confirmed by the chancellor. But a reference was a proper way of getting at the facts and, if parties required it, of having the evidence of them reported for the consideration of the chancellor, upon exceptions to the report.

The second objection to the decree of reference was, therefore, not well taken.

And what we have said in respect to it, shows that the third objection is also without foundation. The decision of the law of the case was not thereby transferred to the register.

The report of the register as master, showed that he appointed a time for the investigation, gave notice thereof to the parties, and was attended by the solicitor for complainant. After hearing some evidence of the value of the use of the property, or rent thereof, he adjourned investigation to another day, of which also he gave notice. And in respect to the alleged statutory separate estate in complainant, he reported that no evidence thereof was offered.

No exception was filed or made to the report; nor was any re-reference asked. The report consequently was confirmed; and upon the ground that no separate estate to bar complainant of her claim, was shown, a decree was rendered granting dower as prayed.

It is urged that the evidence in some of the depositions shows that she was in possession of property in Montgomery and said it was her separate estate. This is true; and it justified the reference; at which this evidence might have been introduced, and if introduced might have been controverted by the production of the title-deeds and other evidence, showing that the property belonged to some one else. We cannot know what the result of such a contention would have been, and that it was not declined because defendants had ascertained that complainant did not own the property.

Let the decree of the chancellor be affirmed.

STONE, J., not sitting.