# Bradford's Adm'r *v.* Bradford.

*Bill in Equity by Widow against Administrator, for Part of
Proceeds of Sale of Land, in lieu of Dower.*

1. *Dower interest in lands sold for payment of debts, under probate decree; and
how recovered.*—When a decedent's lands are sold for the payment of debts, on
the petition of the administrator, if the widow did not file her written consent
that her dower interest might be included in the sale (Code, §§ 2469-70), her
right of dower is not affected by the sale, and she can not maintain a bill in
equity against the administrator, to recover a part of the proceeds of sale as
compensation for it ; and when the sale is made with her written consent, and
includes her dower interest, "it is doubtful if she has any remedy outside of
the Probate Court, unless some special reason is shown for invoking the powers
of a court of equity."

2. *Remandment of cause on reversal; when ordered.*—When the chancellor
overrules a demurrer to a bill, and grants relief upon it, this court, on revers-
ing his decree on the demurrer, will, ordinarily, remand the cause, in order
that the complainant may have an opportunity to amend his bill ; but, when
the record affirmatively shows that the defects are incapable of amendment,
and that the complainant can not recover in any event, a final decree will be
here rendered dismissing the bill.

3. *Dower interest in lands sold for payment of debts; conclusiveness of probate
decree.*—When the administrator's petition, asking a sale of lands for the pay-
ment of debts, alleges that the widow has a statutory separate estate greater in
value than her dower interest and distributive share of her husband's estate
(Code, §§ 2715-16); and she is served with notice of the filing of the petition,
but fails to appear; if she is to be regarded as a party to the proceeding, and
her dower interest is to be considered as included in the sale, the decree is con-
clusive on her as to the existence and value of her statutory separate estate,
and she can not claim any part of the proceeds of sale.

[Bradford's Adm'r v. Bradford.]

APPEAL from the Chancery Court of Madison.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 18th September, 1879, by Mrs. Mary Bradford, the widow of Daniel M. Bradford, deceased, against David D. Shelby, as the administrator of the estate of said decedent; and sought to recover compensation for her dower interest in certain lands, which had been sold by said administrator, under an order of the Probate Court, for the payment of debts, or a portion of the proceeds of sale in lieu of her dower interest. The material facts, as alleged in the bill, are these: Said Daniel M. Bradford died, intestate, on the 13th October, 1869, seized and possessed of certain lands, particularly described in the bill, in which the complainant, as his widow, was entitled to dower. On the 3d December, 1878, David D. Shelby, to whom letters of administration had been granted, and who was then acting as administrator, filed a petition in said Probate Court, alleging a deficiency of personal assets, and asking an order to sell the real estate for the payment of debts. "Complainant received no notice of the said petition, and did not answer the same; nor was she present when said petition was heard, in person, or by counsel. In said petition the following allegation was made: 'Petitioner alleges, on information and belief, that said Mary Bradford, widow of said deceased, owns a separate statutory estate, which, exclusive of the rents, income and profits, is equal to, or greater in value than her dower interest and distributive share of her said husband's estate, estimating her dower interest in his lands at seven years' rent of the dower interest.' But complainant avers that said allegation was not proved on the trial of said petition; and complainant charges that she is not estopped by virtue of said proceedings, or otherwise, from claiming her dower interest in said real estate, or the proceeds thereof, as the court may direct." The Probate Court granted an order of sale, as prayed, and the administrator sold the lands, under the order, on the 27th June, 1879, at the gross sum of $2,000; and having reported the sale to the Probate Court, and the payment of the purchase-money, the sale was confirmed, and he was ordered to execute a deed to the purchaser. "Complainant avers and charges, that said real estate brought its full value at said sale, and could not and can not be made to bring more; that her dower interest could not have been assigned and set apart to her by metes and bounds, so that she is entitled to compensation for her said dower interest, out of the proceeds of said property in the hands of said administrator unadministered and undistributed; and she is willing to receive as such compensation a reasonable sum in

gross, if said administrator will consent thereto, under the decree of this court, the amount or value thereof to be ascertained by agreement of parties, or the usual computations resorted to for that purpose, or to such other compensation, properly secured, as this court may direct." The prayer of the bill was, " that the court will, by reference, or otherwise, ascertain the value of her dower interest in gross, and the value of compensation to which she may be entitled in money for her said dower interest, and render a decree in her favor for compensation in gross, or for the interest on a certain sum of said purchase-money on hand, sufficient to yield her an annuity equal to the interest on one-third of all said purchase-money during her life ; or for such other and further relief as may seem meet and proper."

The administrator filed an answer to the bill, denying the complainant's right to compensation for her dower, or to any part of the moneys in his hands ; alleging that she was served with notice of the filing of his petition for the sale of the lands, and was present at the hearing ; and that all the allegations of his petition were proved ; and that the complainant claimed, and was allowed by said Probate Court, $500 of the proceeds of sale, as an exemption ; and he pleaded these proceedings in the Probate Court as an estoppel and bar against the claim asserted by the bill. He also demurred to the bill—1st, because complainant, if entitled to any relief, had an adequate remedy at law, by proceedings in the Probate Court; 2d, " because the bill showed that complainant was estopped from setting up any claim to the moneys in his hands, by her failure to deny the allegations of the petition in the Probate Court." A copy of the petition filed in the Probate Court, and of the order of sale founded on it, was made an exhibit to the answer, and was submitted as a part of the evidence on the hearing. The exhibit shows that notice of the filing of the petition was served on Mrs. Bradford, and the order of sale recites the fact of such service, but does not show that she appeared on the hearing of the petition, either in person or by attorney.

The chancellor overruled the demurrer to the bill, and, on final hearing on pleadings and proof, held that the complainant was " entitled to the relief she seeks, provided it shall hereafter appear that she did not, at the time of the death of her said husband, have a statutory separate estate equal to, or greater in value than, her dower interest in the lands described in the bill "; and he ordered a reference to the register, to ascertain whether she had such estate, and its value, and what would be a proper allowance as compensation for her dower interest in the lands, if it should be found

that she was entitled to dower. The register reported that she had no statutory separate estate at the death of her husband, and that $200 in gross was a reasonable allowance as compensation for her dower, she being seventy-two years old. The chancellor overruled exceptions to the report, and confirmed it, and rendered a final decree accordingly.

The overruling of the demurrer to the bill, and the final decree, are now assigned as error.

WALKER & SHELBY, for appellant.—A court of chancery can not allow a part of the purchase-money in lieu of dower, when the estate is sold, unless by consent of all parties interested.—*Herbert v. Wren*, 7 Cranch, 370, decided by MARSHALL, C. J. This principle has been adopted by this court, and the reason of it fully explained, in the cases of *Beavers & Jemison v. Smith*, 11 Ala. 34; *Johnson v. Elliott*, 12 Ala. 112; *Francis v. Garrard*, 18 Ala. 794; *Fry v. Merchants' Insurance Company*, 15 Ala. 810. The same principle has been adopted in New York, Tennessee, and Virginia.—*Titus v. Neilson*, 5 John. Ch. 452; *Lewis v. James*, 8 Humph. 557; *Blevins v. Thompson*, 11 Grat. 441; *Wilson v. Davisson*, 2 Rob. Va. 384, See, also, 2 Scribner on Dower, 160, § 44. These decisions are right on principle, and are conclusive on this court, notwithstanding the contrary rule adopted in Maryland, Kentucky, and Massachusetts. The complainant, then, was not entitled, in any event, to a decree for a sum in gross, since she alleges that she did not consent to the sale. But she was not entitled to claim any part of the proceeds of sale; because she was made a party to the proceedings in the Probate Court, which alleged that she was not entitled to dower in the lands, and her failure to deny the allegation concludes her. On the other hand, if her dower interest was not included in the sale, she has a complete remedy against the purchaser to recover her dower in the lands.

JNO. D. BRANDON, *contra.*—In the assignment of dower, in all cases, courts of equity have concurrent jurisdiction with courts of law; and this jurisdiction is not affected by the statutes conferring jurisdiction on the Probate Court.—*Owen v. Slatter*, 26 Ala. 547; *Brooks v. Woods*, 40 Ala. 538; 2 Comst. 245; 1 Selden, 401. Equity alone has jurisdiction to decree compensation in lieu of dower by metes and bounds.—*Barney v. Frowner*, 9 Ala. 901; *Beavers & Jemison v. Smith*, 11 Ala. 20; *Smith v. Smith*, 13 Ala. 329; *Thrasher & Mitchell v. Pinckard*, 23 Ala. 616. The widow may receive, in satisfaction of her dower, an equivalent portion of the purchase-money.—2 Scribner on Dower, 612-13; 3 Bland's Ch. 264.

[Bradford's Adm'r v. Bradford.]

Where an executor made a sale under an order of the Orphans' Court, and retained in his hands a portion of the money to meet the demand for dower ; *held*, that the widow was entitled to recover, and that the executor was the only party chargeable.—*Beeson v. McNabb*, 2 Barr, 422. When a sale has been made under a bill to marshal assets, the widow may come in before a distribution of the fund, and claim the value of her dower out of the proceeds of sale.—*Tennant v. Stoney*, 1 Rich. Eq. 222 ; Scribner on Dower, vol. 2, pp. 254, 612. A court of equity may assign a sum in gross.—2 Scribner, 613, note 3 ; *Tancre v. Hendricks*, 28 Illinois, 64 ; *Blair v. Thompson*, 11 Gratt. 441 ; *Herbert v. Wren*, 7 Cranch, 370 ; *Hill v. Mitchell*, 5 Ark. 608 ; 2 Scribner, 609. In this case, the rights of purchasers from the husband, or mortgagees, are not involved ; and the purchaser at the administrator's sale, who has paid full value, and got the land, is not concerned in the suit. The complainant is not concluded by the proceedings in the Probate Court, to which she was not a party.—2 Scribner, 239, 265 ; 1 Rich. Eq. 222, 254–6.

STONE, J.—Lands of the intestate were sold by the administrator, under an order of the Probate Court, granted on his petition. The order of sale was granted on averment and proof that there was a deficiency of personal assets to pay the debts of the intestate. The lands thus ordered to be sold, were sold, and a part of the proceeds, left after paying expenses of sale, &c., remains in the hands of the administrator. The present bill was filed by the widow, Mary Bradford, and seeks to recover of the administrator a part of the money, proceeds of the sale of said land, in lieu of her dower interest in the same. The bill avers that the widow (complainant in this suit) had no notice of the proceedings in the Probate Court, and did not appear therein. This is fatal to her claim. The statute (Code of 1876, § 2469) contains the only provision which authorizes the widow to recover, in lieu of her dower, any part of the proceeds of lands sold under decree of the Probate Court. To come within that section, it was necessary for the widow to show that she had filed " in the office of the probate judge her written consent that her dower interest in the land be sold, so as to vest in the purchaser a complete title." Without such written consent so filed, the probate judge had no authority to " order that the widow's dower interest must be sold with the residue of the land "; and it is not shown that the probate judge did order the widow's dower interest to be sold, or that it was sold. In the absence of such consent so filed by the widow, and in the absence of the probate judge's decree that the widow's dower

interest be sold with the residue of the land, neither the order of sale, nor the sale, affected or impaired her dower claim in any way.  It results that, according to the averments of her bill, the administrator obtained an order to sell, and did sell, only the residue of the land over and above the widow's dower claim, if she have any, and that her right to dower has not been impaired thereby.—*Barnes v. Carson,* 59 Ala. 188. Even if Mrs. Bradford had brought herself within section 2469 of the Code of 1876, it is doubtful if she has any remedy outside of the Probate Court, as provided by section 2470, unless some special reason is shown for invoking the powers of the Chancery Court.—See *Sherard v. Sherard,* 33 Ala. 488; *Steadman v. Steadman,* 41 Ala. 473.  The present bill, as framed, contains no equity.

Ordinarily, when the chancellor overrules a demurrer to a bill, and grants relief upon it, if we reverse his ruling on demurrer, we remand the cause, that the complainant may have an opportunity to perfect his bill by amendment.  This is the rule, however, only when from the nature of the averments we can not perceive or affirm that the bill is not amendable.—*Stallworth v. Farnham,* 64 Ala. 259.  If, from the pleadings and facts developed, it is affirmatively shown the complainant can not amend his bill so as to give it equity, or if it be affirmatively shown that the complainant can not recover, then it is our duty to pronounce final decree, and not to remand the cause.

We think there is nothing in the averments of the present bill, which shows it could not be so amended, as to bring it within the sections of the Code referred to above.  But, the petition, proceedings, order of sale in the Probate Court, and the sale itself, are set up in the answer, and the record of those proceedings is made evidence in this cause.  By that record it is shown that, in the petition for the order of sale, is an averment that the widow owned a statutory separate estate, which, exclusive of the rents, income and profits, was equal to, or greater in value than, her dower interest and distributive share in her husband's estate.—Code of 1876, §§ 2715-6.  The record also shows, that notice of the filing of this petition was served on Mrs. Bradford personally.  She is not shown to have appeared, or made defense to the petition; and we think the record enables us to affirm that no proof was made that she owned a statutory separate estate. The decree of sale recites what facts were proved, and this is not one of them.  It does not refer to the dower, and does not order the dower interest of the widow to be sold with the residue of the land.—Code, § 2469.  An amended bill, setting up the facts, would be fatally defective, *first,* because the

dower interest has not been sold, or ordered to be sold. In the second place, it would place the complainant in an inextricable dilemma. She was either a party, or she was not a party, to the proceedings and order of sale in the Probate Court. She was neither a necessary nor a proper party; but the inquiry is, was she a party? If a party, she was made so by the averment that she owned a statutory separate estate as copied above, and by the notice served on her. Now, if those proceedings made her a party, so as to make the decree binding and *res judicata* as to her, and thereby enlarged the order of sale, so as to include in the sale to be made her dower interest as well as the residue of the land, then it was equally binding on her as an adjudication that she was not entitled to dower, by reason of the statutory separate estate she owned. This would be fatal to the claim she asserts. On the other hand, if she is to be treated as not a party to those proceedings, then it follows that there was not, and could not be, any order to sell, or sale of her dower interest, and she is not entitled to any of the money she seeks by her bill.

The decree of the chancellor is reversed; and this court, proceeding to render the decree the chancellor should have rendered, doth order and decree, that the complainant's bill be dismissed, at her costs in the court below and in this court.