# Simmons *et al. v.* Jones *et al.*

*Bill in Equity to set aside Voluntary Conveyance as Fraudulent and subject Land to Payment of Debt.*

1. *Decree of sale before account.*—While it is the better practice, under a bill to subject lands to the satisfaction of the complainant's debt, not to render a decree of sale until the register's report has been made and confirmed; yet, when the decree declares that the complainant is entitled to relief, and the reference to the register involves only a calculation of interest, which the chancellor himself might have made, if it be premature to order a sale on non-payment of the amount found due by a specified day, in advance of the report and its confirmation, the irregularity will not work a reversal.

2. *Same.*—If such decree of sale be premature and irregular, it could work no injury, and would not be cause of reversal, when the record shows that no sale was made under it, and that at the next term, after the confirmation of the register's report, he was ordered to proceed and sell under the decree.

APPEAL from Marengo Chancery Court.
Heard before Hon. THOMAS COBBS.

WATTS & SON, for appellants.

TAYLOE & JOHNSTON, *contra.*

[Simmons et al v. Jones et al.]

CLOPTON, J.—The case was submitted on pleadings and proof, in term time, for decree in vacation. On March 17, 1887, the chancellor referred to the register to ascertain the amount due the complainants on the note mentioned in the bill, and at the same time decreed that, unless the defendants paid the amount ascertained to be due by April 25, 1887, the lands be sold for the payment of the same. From this decree the appeal is taken. It is objected that the chancellor had no authority to decree a sale until he had ascertained the amount due the complainants, and that by so doing he delegated to the register the power to make a decree. While the better practice is, to await the report of the register as to the amount due, and its confirmation, before making a decree of sale, we are not prepared to say that, on the state of the record, the rendition of the decree of sale before the sum due was ascertained should work a reversal. The chancellor, in effect, determined that the principal sum of the note, less fifty dollars, which he directed to be deducted therefrom, was due. The matter referred to the register was a mere calculation of interest on the balance from a time directed by the decree, which the chancellor could have made without a reference. The decision of no question of law was thereby delegated to the register.—*Barnes v. Carson*, 59 Ala. 188.

But, if conceded that the decree of sale was premature and irregular, it should not operate a reversal. It was not executed. On the same day, which was allowed the defendants to pay the sum ascertained to be due, the register reported the amount. No exceptions were filed to the report, and on the succeeding day it was confirmed, and a decree made, that the register proceed to sell the lands in the manner directed by the former decree. This was substantially a decree of sale, adopting the former decree as to the manner in which the lands should be sold. To this decree no errors are assigned, and no appeal taken from it. The rendition of the decree of March 17, 1887, was without injury.

The evidence satisfactorily proves the allegations of the bill, and establishes the title of complainants to the relief granted.

Affirmed.