164 So. 389

### LEE et al. v. COCHRAN.

4 Div. 852.

Supreme Court of Alabama.

Nov. 14, 1935.

Rehearing Denied Dec. 12, 1935.

273

F. M. Gaines, of Dothan, for appellants.

O. S. Lewis, of Dothan, for appellee.

BROWN, Justice.

This appeal is by the defendants from a decree enforcing specific performance of a contract to convey certain real property purchased by the complainant, as evidenced by a written contract entered into by the parties in May, 1924, made exhibit to the bill.

It appears from the recitals in the contract, that complainant had theretofore purchased the property from one A. L. Faulk and wife at‛ and for the price of $3,750, and had paid part of the purchase money; that the defendants subsequently acquired the rights of Faulk and wife, and thereafter the parties entered into the contract here involved, in which the complainant agreed to pay to the defendants "the sum of Thirty-One Hundred Dollars, being the balance due thereon," payable $50 on the first day of each month "until said entire sum of Thirty-One Hundred —— together with interest thereon from date at 8% per annum has been paid in full."

The purchaser agreed to "pay the fire insurance premiums on said building hereinafter falling due, * * * also to pay all subsequent taxes assessed against said property including the year 1924."

It was further stipulated: "In case the said second party, his legal representatives, or his assigns, shall pay the several sums of money aforesaid, punctually and at the several times above limited, and shall strictly and literally perform all and singular; the stipulations and agreements aforesaid, after their true tenor and intent, then and thereupon the party of the first part will make unto the said party of the second part his heirs or assigns (upon the surrender of this contract) a warranty deed conveying the title to said aforedescribed land and premises; but in case the

said second party shall fail to make the payments aforesaid or any of them punctually and upon the strict terms and at the time above limited, and likewise to perform and complete all and each of the agreements and stipulations aforesaid, strictly and literally, without any failure or default, time being the essence of this contract, then this contract shall from the date of such failure, be null and void *at option of said W. M. Lee* and all rights and interest hereby created or then existing in favor of the said second party, his heirs and assigns, (or derived under this contract) shall utterly cease and determine, in the event said option is exercised by W. M. Lee and the premises hereby contracted shall revert to and revest in the party of the first part, his heirs or assigns, without any declaration or forfeiture or act of reentry or without any other act by said party of the first part to be performed, and without any right in said party of the second part of reclamation or compensation, for moneys paid or improvements made as absolutely and perfectly as if this contract had never been made. No default herein shall be absolute until after the expiration of thirty days from the time the same should have been performed." (Italics supplied.)

Defendants, in their answer, stress the provision of the contract in respect to the payment of insurance premiums and taxes, and allege "that the complainant has wholly failed and refused to pay any of said taxes and insurance, and up to the time of filing this bill in this case he had not complied with the terms and conditions of said contract, but had made default therein, by not paying the amount stipulated therein as provided in said contract, to-wit: $50.00 per month, *$50.00 on the 1st day of each month as shown therein,* and has failed to pay the taxes and insurance." (Italics supplied.)

The bill was filed on November 22, 1933, and the answer in which a forfeiture is claimed for the first time was filed on the 20th of December, 1933. There is evidence showing that complainant has remained in the continuous possession of the property; that defendants, through their agent, Houston Loan & Abstract Company, or its alter ego, F. M. Gaines, during the 8 years and 11 months intervening between July 10, 1924, and June 16, 1933, received from the complainant 107 payments, aggregating $6,350; the last being made on the 16th of June, 1933. A court of equity

looks with disfavor on forfeitures, and will not lend its aid to enforce them or divest an estate for breach of conditions subsequent, where the vendee is in possession. McDonough et al. v. Saunders, 201 Ala. 321, 78 So. 160, 11 A.L.R. 419; Montana v. Alabama Fishermen's & Hunters' Ass'n, 226 Ala. 303, 146 So. 805; Hunter-Benn & Co. Company v. Bassett Lumber Co., 224 Ala. 215, 139 So. 348; Barton v. W. O. Broyles Stove & Furniture Co., 212 Ala. 658, 130 So. 854.

The foregoing statement disposes of the appellants' first insistence; that complainant forfeited his rights under the contract, and is not entitled to relief.

The evidence as to the payments made by the complainant is without material conflict, and the parties, in lieu of an order of reference to the register to take and state the accounts between the parties, have offered in evidence two audits, one made by Mrs. Scarborough, and the other by the witness Council, neither of which, in the light of the evidence, is correct.

In the audit of the witness Scarborough, an item of $942.80, as "advanced by F. M. Gaines for the remodeling of dwelling and for 1924 and 1925 insurance premiums," is debited against the complainant on defendants' account. So far as appears, the defendants were not entitled to the debit. At one or more points in said audit, interest was calculated and added to the principal, where the partial payment did not equal the interest.

In the audit and statement made by the witness Council, all payments were applied in reduction of the principal, and the items of interest calculated at each payment were set apart in an interest account and carried forward until the payments discharged the principal, and subsequent payments were then applied to discharging the interest account.

"Where partial payments are made, the rule is to apply the payments in the first place to the discharge of the interest then due. If a payment exceeds the interest then due, the surplus goes toward discharging the principal, and interest is to be computed thereafter on the balance of the principal. If the payment is less than the interest, *the surplus of interest must not be taken to augment the principal,* but interest continues on the former principal until the payments, taken together, exceed the interest due, and then the surplus is

to be applied toward discharging the principal, and interest. is to be computed on the balance of the principal as before," (Italics supplied.) 33 Corpus Juris, p. 250, § 168; Code 1923, § 8566; Vaughan v. Smith, 69 Ala. 92, 95.

The data furnished by the evidence for ascertaining the amount of taxes paid on the property in controversy is very unsatisfactory. The complainant's property seems to have been voluntarily assessed by the defendant Lee, along with other property owned by Lee, without separate valuation of complainant's property and the basis on which the taxes were calculated was only a little short of the assessed value of all the property included in the assessment.

The court, it seems, did not accept either of the audits as the basis of the conclusion expressed in the final decree.

The burden of appellants' argument is that the complainant has failed to meet the burden of proof entitling him to specific performance. This contention is without merit. The argument does not point out wherein the trial court erred in its conclusion that the payments exceeded the amount due the defendants, and the observation made in Vaughan v. Smith, supra, "that it is not the province of a court to investigate items of an account," in the absence of specific exception raised in the trial court, and made the basis of assignment of error here, is applicable on review.

After careful consideration of the record, we are unable to affirm reversible error in the decree.

Affirmed.

THOMAS, BOULDIN, and KNIGHT, JJ., concur.