170 So. 484

**LYTLE v. ROBERTSON et al.**

8 Div. 683.

Supreme Court of Alabama.

June 4, 1936.

Rehearing Granted Oct. 15, 1936.

Further Rehearing Denied Nov. 19, 1936.

J. A. Lusk & Son, of Guntersville, for appellees.

Street & Bradford, of Guntersville, and Thos. E. Orr, of Albertville, for appellant.

THOMAS, Justice.

The bill was for redemption, accounting, and injunction as to the foreclosure of a mortgage. Among other things, the bill recites: "That a prior mortgage existed on said lands in favor of the Federal Land Bank of New Orleans, which mortgage is still outstanding, and unpaid, and it was well-known, understood, and agreed to at the time, that the mortgage given his sister by the complainant as [was] subsequent to the Federal Land Bank mortgage. This fact does not clearly appear from Exhibit A, but the same is provided for, and this fact gives meaning to that clause in Exhibit A, which reads as follows: 'Should the interest of said Andrewena Robertson or her assigns become endangered by reason of the enforcement of any prior lien or ·encumbrance thereon, so as to endanger the debt hereby secured,' etc., appearing under the conditions of said mortgage."

The mortgage exhibited as a part of the pleading contains a provision for a reasonable attorney's fee "for the foreclosure of this mortgage in chancery," and will be looked to in considering the insistence made by appellees for a reasonable attorney's fee and its allowance to the respondent in the cross-bill. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90.

The decree of July 16, 1934, recites, there being no evidence before the court—the submission being on the pleadings and documentary evidence only, which is shown by

the note of testimony—the court was in need of further information and submitted several questions of fact to the register. The questions submitted by the court were for the ascertainment of the following facts: (1) Whether there be any prior incumbrance or mortgage made by the complainant to any other person or corporation on the lands conveyed by him in his mortgage to the defendant and cross-complainant, Andrewena Robertson, before the execution of her mortgage. If so, to whom, when due, and the amount thereof now remaining unpaid. (2) Whether there be any subsequent incumbrance or mortgage made by the complainant to any other person or corporation on the lands conveyed by him in his mortgage to the defendant and cross-complainant, Andrewena Robertson. If so, to whom, when due, and the amount thereof now remaining unpaid. And (3) the amount due to the defendant and cross-complainant, Andrewena Robertson, by the complainant by reason of the mortgage mentioned in his bill and in the cross-bill of the said Andrewena Robertson; computation of interest; reasonable attorney's fees; taxes paid; and what amount, if any, "has been paid by the defendant and cross-complainant, Andrewena Robertson, by way of partial or total payment or satisfaction of any prior incumbrance on lands conveyed by the mortgage made by the complainant," computing interest thereon down to the 1st day of October, 1934. That decree further restrained the mortgagor from depleting the security by cutting the timber on the land, the subject of the mortgage.

The complainant-appellant invoked the aid of the court as to the subject-matter, introduced all the necessary parties in interest, and invoked an ascertainment and adjudication which necessarily depend on an understanding of the facts that preserve the status quo and on which to rest the final decree. Rice et al. v. Davidson, 206 Ala. 226, 89 So. 600; Tidwell v. H. H. Hitt Lumber Co. et al., 198 Ala. 236, 73 So. 486, L.R.A. 1917C, 232; Cullman Property Co. v. H. H. Hitt Lumber Co. et al., 201 Ala. 150, 77 So. 574; Southern Iron & Equipment Co. v. Vaughan, 201 Ala. 356, 78 So. 212, L.R.A.1918E, 594; Woodstock Operating Corporation v. Quinn, 201 Ala. 681, 79 So. 253.

The general authorities are collected in 21 Corpus Juris, pp. 605–607, §§ 753–762, as to the power of a court of equity to refer necessary matters of fact (not of law) to a special master for ascertainment, with or without the consent of the parties. Thomas, Superintendent of Banks, et al. v. Barnes et al., 219 Ala. 652, 123 So. 18; Barnes et al. v. Carson, 59 Ala. 188; Simmons et al. v. Jones et al., 84 Ala. 354, 3 So. 895; Jones et al. v. Wilson, 54 Ala. 50. The reference to the register in this case was for the convenience of the court. Sims, Equity Prac. § 598; 5 Mayfield's Digest, p. 627, § 294.

■ The decision in Hart v. Jackson St. Baptist Church of Birmingham, Ala., Inc., 224 Ala. 64, 139 So. 88, is to the effect that it is proper to ascertain the fact, amount, and due date of a first mortgage as it touches the right of redemption and a full adjustment by decree of the respective parties. Section 10140 et seq., Code; subsection 3, § 10145, Code; Equitable Mortgage Co. v. Finley et al., 133 Ala. 575, 579, 31 So. 985; Bolling & Son v. Pace, 99 Ala. 607, 12 So. 796; Whiteman v. Taber, 203 Ala. 496, 83 So. 595.

The decree rendered did not affect the right of the first mortgagee—the bill disclosing its existence and the burden that rested upon the junior mortgagee to protect its title by the discharge of the superior lien. Such was the inquiry invoked by appellant's pleading. The express terms of the complainant's pleading and those of the cross-bill imposed upon Mrs. Robertson, in case of her foreclosure or that of her vendee, the obligation to pay off the superior mortgage to protect her title. Hart v. Jackson St. Baptist Church of Birmingham, Ala., Inc., supra.

■ The Federal Land Bank of New Orleans and W. R. Rison Banking Company were not necessary parties, yet it was proper for them to inquire about that mortgage. Whiteman v. Taber, supra; 3 Jones on Mortgages (8th Ed.) p. 490, § 2036; Id. § 1830.

■ The stipulation for reasonable attorney's fees contained in the mortgage was for foreclosure in chancery. The mortgage had not theretofore been foreclosed under the power of sale contained therein, and the respondent (complainant in the cross-bill) was therefore entitled to the attorney's fees allowed by the trial court. In the case of Macke v. Scaccia, 222 Ala. 359, 132 So. 880, there had been no foreclosure under the power of sale.

164

In this state, one seeking redemption from under a mortgage must pay legal interest, or the rate fixed by the contract if it be less than the legal rate. Lindsay v. United States Savings & Loan Co. et al., 127 Ala. 366, 28 So. 717, 51 L.R.A. 393; Turner v. Merchants' Bank, 126 Ala. 397, 28 So. 469. It is not permissible to compound interest as an incident to the debt within the rule that obtains in this jurisdiction. Paulling v. Creagh's Administrators, 54 Ala. 646; Stickney v. Moore et al., 108 Ala. 590, 19 So. 76; Gross v. Coffey, 111 Ala. 468, 477, 20 So. 428.

This is not a moot case. The delivery of possession or the attornment or accounting by the tenants to the mortgagee in possession did not render a decision of the question of the right of redemption and the ascertainment of the amount required to accomplish that end unnecessary. Dewberry et al. v. Bank of Standing Rock et al., 227 Ala. 484, 150 So. 463.

We have indicated above there was no prejudicial error in the allowance of attorney's fees as carried into the decree.

The method employed in the computation of interest included a small amount of compound interest. A careful review of the result declared by the decree discloses no reversible error in the inclusion of compound interest contrary to statute and the decisions (section 8566, Michie's Code 1928; Lee et al. v. Cochran, 231 Ala. 272, 164 So. 389), for that the sum decreed was less than that due on the mortgage. The decree of date of April 16, 1935, allowed $18,479.81, when it should have been $18,913.61, a difference of more than $400 against the mortgagee—respondent in the original bill.

Had the small amount of compound interest been eliminated by the decree, and had the amount required to effectuate redemption been ascertained in accord with the partial payment rule (Lee et al. v. Cochran, 231 Ala. 272, 164 So. 389; Vaughan v. Smith, 69 Ala. 92; 33 C.J. page 225, § 168), and the attorney's fees added, the amount of the decree would have been in excess of that rendered.

Interest, in this case, is calculated at the contract rate of 7 per cent. to the date of the decree, and thereafter at the rate of 6 per cent. under the statute. General Acts 1935, p. 69; Green v. Stone, 205 Ala. 381, 87 So. 862; Grand Bay Land Co. v. Simpson, 207 Ala. 303, 92 So. 789; Ben Cheeseman Realty Co. v. Thompson, 216 Ala. 9, 112 So. 151; Patterson v. Camp, 209 Ala. 514, 96 So. 605.

Taking the amount required for redemption, as indicated in the decree of April 16, 1935, allowed at $18,479.81, the sum necessary and required for redemption on October 15, 1936, is $20,139.89.

The fact that a sum less than the amount that may have been required for redemption was not challenged by cross-appeal, the judgment of this court is that fixed by the lower court with interest, being the amount we have last indicated above.

The mortgagor has had a sufficient period since rendition of the decree in the lower court within which to arrange for redemption, if such was his desire. He is required to pay into the registry of the lower court in the sum of $20,139.89 with interest at 6 per cent. from October 15, 1936, to the date of redemption, which period is extended to December 1, 1936.

It results that the application for rehearing is granted, the judgment of reversal is set aside, the decree of the trial court is affirmed, and the costs of the appeal are taxed against the appellant.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.