RUSSELL, Judge.
This is an appeal by Rev. N.H. Hicklin from the judgment of the trial court determining the amount to be paid to redeem a parcel of land located in Montgomery County, Alabama. We affirm in part, reverse in part, and remand with instructions.
We note at the outset that Ala.Code 1975, § 6-5-252, provides the procedure for anyone desiring to redeem property.
“Anyone desiring and entitled to redeem may make written demand of the purchaser or his or her transferees for a statement in writing of the debt and all lawful charges claimed by him or her, and such purchaser or their transferees shall, within 10 days after such written demand, furnish such person making the demand with a written, itemized statement of all lawful charges claimed by him or her. The redeeming party must then tender all lawful charges to the purchaser or his or her transferee. If the purchaser or his or her transferee fails to furnish a written, itemized statement of all lawful charges within 10 days after demand, he or she shall forfeit all claims or right to compensation for improvements, and the party so entitled to redeem may, on the expiration of the 10 days, file his or her complaint without a tender to enforce his' or her rights under this article and file a lis pendens with the probate court.
“Tender or suit must be made or filed within one year from foreclosure.”
Ala.Code 1975, § 6-5-253, addresses the payment or tender of purchase money and other lawful charges by anyone entitled to redeem real estate and the entitlement to rents and provides, in pertinent part, as follows:
*824 “(a) Anyone entitled and desiring to redeem real estate under the provisions of this article must also pay or tender to the purchaser or his or her transferee the purchase price paid at the sale, with interest at the rate allowed to be charged on money judgments as set forth in section 8-8-10 (as it is now or hereinafter may be amended), and all other lawful charges, also with interest as aforesaid; lawful charges are the following:
“(1) Permanent improvements as prescribed herein.
“(2) Taxes paid or assessed.
“(3) All insurance premiums paid or owed by the purchaser.
“(4) Any other valid lien or encumbrance paid or owned by such purchaser or his or her transferee or if the redeeming party is a judgment creditor or junior mortgagee or any transferee thereof, then all recorded judgments, recorded mortgages and recorded liens having a higher priority in existence at the time of sale which are revived under section 6-5-248(c).
[[Image here]]
“(c) The purchaser shall be entitled to all rents paid or accrued including oil and gas or mineral agreement rentals to the date of the redemption, and the rents must be prorated to such date. The purchaser or his or her transferee and his or her tenants shall have the right to harvest and gather the crops grown by them on the place for the year in which the redemption is made, but must pay a reasonable rent for the lands for the proportion of the current year to which such redemptioner may be entitled.”
In Wallace v. Beasley, 439 So.2d 133, 136 (Ala.1983), the Alabama Supreme Court addressed the question of the proration of rents and profits as follows:
“Code of Alabama, § 6-5-235(6) [now § 6-5-253] ... provides that the purchaser at a foreclosure sale is entitled to all rents and profits accrued on the property until the date of redemption. This has been read to mean that the redemptioner, then, is entitled to any rents or profits accruing subsequent to the redemption date.”
In Francis v. White, 160 Ala. 523, 527, 49 So. 334, 335 (1909) (quoted with approval in Beavers v. Transamerica Financial Services, Inc., 474 So.2d 1105, 1108 (Ala.1985), and in Dicie v. Morris, 285 Ala. 650, 654, 235 So.2d 796, 798-99 (1970)), the supreme court addressed the requirements of tender:
“[I]n the bill to redeem under the statute, the debtor must either aver a payment or a tender of all the amounts by the statute required, or to show a valid excuse for failure therein, before filing, such as nonresidency of purchaser, or redemptioner’s inability to ascertain the amounts necessary to be paid or tendered, and ask the court to aid him in ascertaining the true amounts and offer to pay such amounts before insisting upon his right to redeem or to be reinvested with the title. Francis v. White, 142 Ala. 590, 39 South. 174. Payment or tender of the amounts necessary to redeem is not in all cases a prerequisite to the filing or maintaining of the bill, yet it is always such to the perfection of the right to redeem, and the bill must offer to pay or tender such amounts when ascertained, and show a valid excuse for not so doing before the filing of the bill as well as a good reason why the aid of the court is necessary for this special purpose.”
In the following cases our supreme court addressed the allowance of attorney’s fees in foreclosure and redemption:
“The complainant is authorized to redeem, by paying the amount of the mortgage debt ... ‘with all other lawful charges.’ Code, § 2879. This embraces only such claims or demands as are in the nature of an incumbrance or lien, for which the purchaser would be entitled to hold the land as security.”
Parmer v. Parmer, 74 Ala. 285, 289 (1883).
“The stipulation for reasonable attorney’s fees contained in the mortgage was for foreclosure in chancery. The mortgage had not theretofore been foreclosed under the power of sale contained there *825 in, and the respondent (complainant in the cross-bill) was therefore entitled to the attorney’s fees allowed by the trial court.”
Lytle v. Robertson, 233 Ala. 161, 163, 170 So. 484, 486 (1936).
“The Court also erroneously allowed one or more of the respondents amounts which were paid by them for insurance on the property, attorneys’ fees, recording fees, and cost of an abstract. These items were not lawful charges, and should not have been allowed.”
Wilkes v. Hood, 237 Ala. 72, 76, 185 So. 748, 752 (1939).
The record reveals that Hicklin filed an application for a preliminary injunction and complaint to set aside foreclosure sale on August 24, 1988, in which he alleged, in pertinent part, the following: (1) that he had entered into a mortgage agreement with Tyson-Manor, Inc., for the sum of $5,000 on or about April 18, 1978; (2) that on November 15, 1984, the trustees of Tyson-Manor, Inc., transferred the principal balance of $2,277.18 on the mortgage to the Old Ship African Methodist Episcopal Zion Church (Church); (3) that the property was sold in foreclosure, under the power of sale contained in the second mortgage, on or about June 7, 1988, by the Church and was purchased by the Church for $3,464.19; and (4) that Hicklin has leased the subject property to another party and that the attorney for the Church demanded that all future rents be forwarded to the Church. Hicklin asked the trial court to set aside the foreclosure sale and declare it to be null and void. The trial court dismissed the complaint and excluded attorney’s fees requested by the Church, finding that they were more appropriately sought in the foreclosure proceedings.
Hicklin then filed a notice of intention to redeem property with the trial court on June 5, 1989, in which he demanded, within ten days, a written statement of all lawful charges claimed by the Church. In letters to Hicklin and to the trial court, the Church requested the payment of sums for the purchase price, ad valorem taxes, first mortgage payments, court reporter fees from the prior trial, and attorney’s fees from the prior trial, totaling $8,326.22. Hicklin then requested, in a letter, the pro-ration of rents from the date of the filing of the application for preliminary injunction and complaint to set aside foreclosure sale, alleging that the date of the filing of the application is the date of redemption for purposes of § 6-5-235, Ala.Code 1975. (We note here that § 6-5-235 was repealed, effective January 1, 1989.)
Subsequently, the trial court entered an order, holding that the “Application For A Preliminary Injunction and Complaint To Set Aside Foreclosure Sale” did not constitute statutory notice of redemption as a matter of law, that Hicklin was entitled to redeem the subject real property, and that the amount to be paid to redeem the property was $8,326.22.
Hicklin first contends that the trial court’s finding that his complaint to set aside foreclosure sale did not constitute statutory notice of redemption is contrary to law. The procedure to redeem property, as set out in Ala.Code 1975, § 6-5-252, requires the redeeming party to make a written demand of the purchaser for a statement in writing of the debt, the purchaser to furnish a written, itemized statement within ten days, and the redeeming party to tender or to file a complaint and a lis pendens if no statement is furnished. In the present case, the complaint to. set aside foreclosure sale did not contain a demand for a statement of the debt and did not even mention redemption.
Although Hicklin claims that Robino v. Green, 270 Ala. 491, 119 So.2d 897 (1960), supports his position and does not require “averment of tender” if one submits oneself “to the jurisdiction of the court and offers to do equity,” Bobino merely allowed nonpayment to the purchaser where there was an excuse for not tendering and an offer to pay. Here, the complaint filed by Hicklin contained neither. Therefore, we find that the trial court was correct in holding that the application for preliminary injunction did not constitute statutory notice of redemption.
*826 Hicklin next contends that he is entitled to prorate rents as of the date of redemption. We agree, but we must first determine whether a redemption occurred and, if so, the date of the redemption.
Although Hicklin is entitled to rents subsequent to the redemption date, Wallace, 439 So.2d 133, redemption does not occur until the redeeming party has paid or tendered amounts due under § 6-5-253, Ala.Code 1975, given a valid excuse for not doing so, or shown an inability to ascertain the amount due, asked the aid of the court in determining the amount, and offered to pay the amount. Francis, 160 Ala. 523, 49 So. 334. The record indicates that Hicklin did not take any of these actions. Therefore, we find that the date of redemption had not occurred at the time of the trial court’s order and that the trial court was correct in not prorating the rents collected by the Church.
Finally, Hicklin contends that attorney and court reporter fees related to the complaint to set aside foreclosure sale are not legitimate charges against “the estate.”
The mortgage between Hicklin and his wife and Tyson Manor, Inc., provides for attorney’s fees in a foreclosure action as follows:
“But should Mortgagors fail to pay said note or either or any of them, or any installment thereof at maturity, then all of said indebtedness shall become due and payable at once, whereupon the said Mortgagee, its successors, personal representatives, agents or attorneys, are hereby authorized and empowered to sell the said property hereby conveyed at auction for cash, at the Montgomery County Court House Door in the City of Montgomery, Alabama, ... and out of the proceeds of said sale the Mortgagee shall first pay all expenses incident thereto, together with a reasonable attorney’s fee-
[[Image here]]
“And it is also agreed that in case the Mortgagee herein, its successors, assigns or personal representatives, see fit to foreclose this mortgage in a court having jurisdiction thereof, Mortgagors will pay a reasonable attorney’s fee therefor, which fee shall be and constitute a part of the debt hereby secured.”
(Emphasis supplied.)
In the present case, the property was sold in foreclosure at the courthouse door, and the foreclosure was then challenged in court by Hicklin. According to the mortgage, attorney’s fees were part of the expenses and were to be paid from the proceeds of the sale at the courthouse door. The trial court refused to allow additional attorney’s fees against Hicklin in the action to set aside the foreclosure sale, but later included such fees in the expenses to be paid for redemption of the property. We must next determine whether the fees are legitimate charges.
The Church asserts that the fees were “lawful charges” under Ala.Code 1975, § 6-5-253, as a “valid lien or encumbrance paid or owned by such purchaser” and that “the lien of the mortgage ... secures payment of attorney’s fees authorized therein.” Because of this assertion and our inability to find another subsection of § 6-5-253 that is applicable, we assume that the trial court has considered the attorney’s fees and court reporter fees to be a valid lien under § 6-5-253(a)(4). However, we find that a valid lien, that is, one for which the purchaser would be entitled to hold the land as security, has not been established as required in Parmer, 74 Ala. 285. Further, we find that the attorney’s fees from the action to set aside the foreclosure sale were not authorized in the mortgage since the mortgage had already been foreclosed under the power of sale. Lytle, 233 Ala. 161, 170 So. 484. In the absence of a judgment awarding attorney's fees in the action to set aside the foreclosure sale, which would have allowed the establishment of a lien or encumbrance against the property, we are unable to find that a valid lien was created, and find that such attorney’s fees, and court reporter fees as well, maintain only the status of a claim. Therefore, we find that the fees were not “lawful charges” under § 6-5-253 and were improperly allowed in *827 the redemption action. Wilkes, 237 Ala. 72, 185 So. 748. This case is due to be affirmed in part, reversed in part, and remanded with instructions for the trial court to enter an order consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, J., concurs.
INGRAM, P.J., concurs in part and dissents in part.