# Williams v. Rouse.

### *Bill to Redeem Property Sold Under Mortgage.*

1. *Judgment creditor; what not required to pay to redeem.*—A judgment creditor of a mortgagor who seeks to redeem prop-erty sold under mortgage, is not required to pay the mort-gage debt remaining after foreclosure. (Tyson, J., dissenting.)
2. *Set-off against improvements not allowed in proceedings to re-deem.*—The value of permanent improvements made by the purchaser is one of the charges which must be paid or tendered to perfect the statutory right to redeem land, Code, § 3517. There is no provision in the present statute under which one offering to redeem can reduce this charge by setting off against it rents or profits accruing to the purchaser before offer to redeem. Dictum to the contrary in *Parmer v. Parmer*, 74 Ala. 285, is incorrect.

APPEAL from Elmore Chancery Court.

Tried before Hon. R. B. KELLY.

Williams brought this bill against Rouse to redeem certain land sold under mortgage and bought by Rouse.

The mortgage was executed to Rouse by one Calhoun McQueen, and contained power of sale and authority to mortgagee to become purchaser. Rouse went into possession of the property after his purchase and made permanent improvements. He also received an amount of money for rent of the place. Williams was the transferree of a judgment against McQueen, and as judgment creditor, sought to redeem from Rouse. Williams tendered Rouse the amount with interest paid by the latter for the property, also the amount of taxes; but he did not tender the amount expended by Rouse for permanent improvements, but offered to set off against this amount the rents which Rouse had received. Rouse demanded the amount for improvements and also a balance due and owing to him from McQueen on the mortgage debt.

L. E. PARSONS, for appellant, cited, *Parmer v. Parmer,* 74 Ala. 208.

JOHN H. PARKER, *contra,* cited, *Griggs v. Banks,* 59 Ala. 317; *Couthway v. Berghus,* 25 Ala. 393; *Cramer v. Watson,* 73 Ala. 127; 77 Ala. 315; 79 Ala. 167.

SHARPE, J.—1. Standing in the relation of a judgment creditor, the complainant was not required as a redemptioner to pay the mortgage debt remaining after foreclosure. This conclusion is in accordance with the decision in *First National Bank of Anniston v. Elliott,* at present term, where the reasons for it are given.

2. The value of permanent improvements made by the purchaser is one of the charges which must be paid or tendered in order to perfect the statutory right to redeem land.—Code, § 3517. There is no provision in the present statute under which one offering to redeem can reduce this charge by setting off against it rents or profits accruing to the purchaser before the offer to redeem. The dictum to the contrary found in *Parmer v. Parmer,* 74 Ala. 285, is incorrect, and seems to have been based upon the cases of *Weathers v. Spears* and *Spoor v. Phillips,* in 27 Ala., which arose under the earlier statute which provided for such set-off,—Clay's Dig, 502,

[L. &. N. Railroad Co. v. Mobile, Jackson & Kan. City Railroad Co.].

The right of redemption which the bill seeks to enforce can be perfected and made capable of enforcement only by compliance with the terms of the statutes which create the right or by showing a valid excuse for non-compliance.—*Cramer v. Watson*, 73 Ala. 127. In failing to offer defendant the value of the improvements there has not been such compliance with the statute as entitled him to redeem. The ground of demurrer based on such failure was well assigned and justifies the decree.

Affirmed.

TYSON, J., dissenting as to the first proposition.