# Bean v. Pearce.

*Bill to Redeem from Foreclosure Sale.*

(Decided May 14, 1907.   44 So. Rep. 83.)

*Mortgages; Redemption; Foreclosure.*—A mortgagor is entitled to redeem from foreclosure sale by a tender to the amount due on the mortgage, together with ten per centum per annum thereon and the expenses of the foreclosure, where the mortgagee buys at the sale, although the price paid is more than the mortgage debt; the purchase money, where the mortgagee buys being the amount of the debt, and not the sum that may have been paid in excess. DOWDELL and MCCLELLAN, JJ., dissent.

APPEAL from Marion Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by J. W. Bean against J. P. Pearce to redeem lands from a sale under power in a mortgage. From a decree dismissing the bill for want of equity, the complainant appeals. Reversed and rendered.

CURTIS & BLANTON, for appellant.—Facts stated in the bill are admitted to be true on motion to dismiss for want of equity, and all amendable defects, if the bill contains equity, are considered as made.—*Pate v. Hinson*, 104 Ala. 599; *Seals v. Robinson*, 76 Ala. 363; *Elliott v. Sibley*, 101 Ala. 344; *Schlose v. Steiner*, 100 Ala. 153.

The complainant having surrendered possession of the land, and the mortgagee having foreclosed and taken possession, the complainant can maintain his bill to redeem upon tender of the amount of the mortgage debt, with ten per centum interest, for the time, and costs of foreclosure. This was done.—Sections 3505-6-7, Code 1896; 88 Ala. 329; Id. 405; 87 Ala. 190; 84 Ala. 305; 112 Ala. 458; 101 Ala. 695; 93 Ala. 186; 99 Ala. 117.

RAY & LEITH, for appellee.—After the foreclosure there was no equity of redemption.—*Norton, et al. v. British A. M. Co.,* 113 Ala. 116. This principle fully applies where the mortgagee is authorized to purchase at his own sale.—113 Ala. 116; *Thomas v. Jones,* 84 Ala. 303; 74 Ala. 452; 71 Ala. 62; Id. 26.

TYSON, C. J.—For the purpose in ·hand the facts averred in the bill may be stated to be these: Complainant became indebted to the respondent on the 6th day of January, 1902, in the sum of $105.11, which was secured by mortgage, maturing the 15th day of October of that year, upon the lands here sought to be redeemed, upon which he paid the sum of $50. In January, 1903, he had an accounting with the respondent of this mortgage indebtedness, and there was ascertained to be due the respondent the sum of $66.66. To secure this amount he executed a mortgage upon those lands, due and payable the 15th day of the following October. On the day of the maturity of the mortgage, complainant, not being able to pay the debt secured by it, gave up the possession of the lands and notified the respondent thereof. On the 27th day of February, 1904, the respondent, under the power of sale contained in the mortgage, foreclosed it, and at said sale became the purchaser of the lands "at and for the recited sum of $150," executing a deed to himself "for said consideration of $150," and went into possession of the lands, and still holds the possession of them. Before the filing of the bill complainant tendered to ·the respondent the $66.66, with interest thereon to date of foreclosure, which is averred to be all that was due upon said mortgage debt, together with 10 per cent. per annum thereon and the expenses of foreclosure, aggregating the sum of $85, which sum was pad into the register of the court upon the filing of the bill, which filing was within two years after the foreclosure sale. It

[Bean v. Pearce.]

is also averred that the complainant, upon the tender of the $85, to respondent proffered to pay any other sum necessary to a redemption of the land; but the respondent refused to tell him the amount it would take, and refused to permit him to redeem the land. The complainant, by his bill, offers to pay any other amount necessary to a redemption, in the event the $85 is found to be insufficient.

On these facts, which must be taken as true it is clear to us that the bill contains equity to enforce complainant's statutory right of redemption.—Section 3505, 3506, 3507, Code 1896. It may be said that the complainant should have tendered the $150, the consideration expressed in the deed executed by respondent to himself as purchasr at the foreclosure sale; that this sum is the purchase money which was necessary to be tendered to effectuate the redemption under section 3507 of the Code of 1896, notwithstanding the difference between this sum and the amount due upon the mortgage debt has never been paid to the mortgagor. It is true that section requires the debtor to pay or tender to the purchaser the purchase money, with 10 per cent. per annum thereon and all other lawful charges; but the purchase money, when the mortgagee, as here, purchases at his own sale, is the amount due upon the mortgage indebtedness, and not such as he may have bid in excess of that amount. Suppose the mortgage debt is $100, and the mortgagee at the sale should bid $1,000, to require the mortgagor (debtor) to pay the $1,000 and 10 per cent. per annum thereon would oftentimes absolutely defeat his right to redeem. The $900 in excess of the $100, if the mortgagee is bound by his bid, would belong to the mortgagor, and it would be wholly inequitable and unconscionable to require the mortgagor to pay the mortgagee money which he has in his hands which belongs to the former.

Of course, where the purchase is by a third party, he must pay the purchase money to the mortgagee, who must account to the mortgagor for any excess of the mortgage indebtedness. In the latter case the mortgagor must, of course, pay to the purchaser the amount of the purchase money paid by him.

The decree dismissing the bill on motion for want of equity must be reversed, and one will be here entered overruling the motion.

Reversed and rendered.

HARALSON, SIMPSON, ANDERSON, and DENSON, JJ., concur.

McCLELLAN, J. (dissenting.)—The bill, filed only 20 days before the 2 years for redemption had elapsed, being one to effectuate statutory redemption, it is an election by the proposed redemptioner to treat the foreclosure as valid, and the appellee as the purchaser at the sale, "at the recited sum of $150." As a condition precedent to statutory redemption, the statute (section 3507) requires that the party desiring to redeem shall pay or tender the purchase money, with 10 per cent. interest thereon and lawful charges. The bill avers that the complainant tendered appellee, and on filing the bill paid into the registry of the court, only $85. Omitting any consideration of the lawful charges, if any there were or are, the tender and payment into court was and is wholly insufficient to give the bill the requisite equity. *Beebe v. Buxton,* 99 Ala. 117, 12 South. 567; *Beatty v. Brown,* 101 Ala. 695, 14 South. 368; *Murphree v. Summerlin,* 114 Ala. 54, 21 South. 470; *Long v. Slade & Farrish,* 121 Ala. 271, 272, 26 South. 31; *Burke v. Brewer,* 133 Ala. 389, 32 South. 602; *Given v. Troxel,* (Ala.) 39 South. 578; *Lacey v. Lacey,* (Ala.) 39 South. 922; *Francis v. White,* 142 Ala. 590, 39 South. 174. The

majority opinion hold that the offer to pay any other sum found due, as alleged in the bill, renders the bill equitably sufficient.  While such offer may, in a proper case, where only the lawful charges are unknown, suffice, no such rule or privilege is open to a proposed redemptioner with regard to the purchase money.  As decided in *Beatty v. Brown, supra,* no account of his possible ignorance of the amount of the purchase money is taken by the statute (section 3507).  He must know, and, knowing, pay or tender that sum.  The announcement in the court's opinion, above referred to, is in immediate conflict with the above cited authorities and the statute as well.

It is asserted in the majority opinion that "the difference between this sum (meanng the $150) and the amount due upon the mortgage debt have never been paid to the mortgagor."  The quoted statement is without support or justification in any averment of the bill. So it need hardly be said that this declaration of the opinion is unwarranted.  But, even if such an allegation was present in the bill, this complainant, having elected to treat the foreclosure as vald, whether in fact voidable or not, at his option seasonably expressed, and the appellee as purchaser at the bid sum of $150, must certainly be held to have also elected to look to the purchaser (appellee) for the payment to him of the excess over the sum formerly due under the mortgage and cost of foreclosure.  He cannot in one breath confirm the foreclosure, which includes a purchaser at a given sum, and in the next deny that there was a purchaser at such sum.  He can have no right to seek statutory redemption, which only comes into existence after foreclosure (*Powers v. Andrews,* 84 Ala. 291, 4 South. 263), and at the same time assume to name the purchase money at a different sum.  That, at law, he may reserve the excess, cannot be doubted; and if this purchaser is insolvent,

[Bean v. Pearce.]

then obviously his remedy was to disaffirm the sale, averring that the alleged purchaser was insolvent and had failed or refused to pay the excess to the mortgagor. The illustration given by the court might be addressed to the legislative mind, but is not considerable by the courts, the only possible duty of which is to observe and enforce the plain terms of the statute in this regard. If the proposed redemptioner omits to assert his right to recover from the purchaser at the excess, then the predicament shown by the illustration in the majority opinion is his fault, not that of the statute (section 3507). Creditors of the erstwhile mortgagor may have rights attaching to the excess unpaid by the purchaser; and, if so, the mortgagor cannot relinquish (even if the statute was less imperative) and destroy an asset of his estate to their detriment. Besides, it does not appear from this bill but that there were many bidders at sums between the mortgage debt and the $150. I take it the opinion does not intend to hold that in no event can a mortgagee become a purchaser at the foreclosure sale at a sum in excess of the mortgage debt and costs. If it does so intend, surely no doubt of its error can exist.

In my opinion the decree appealed from should be affirmed.

DOWDELL, J., concurs in the above opinion.