(122 So. 808)

FELLOWS et al. v. BURKETT. (4 Div. 426.)

Supreme Court of Alabama. May 23, 1929.

Rehearing Denied June 20, 1929.

Lee & Tompkins, of Dothan, for appellants.

John W. Rish, of Dothan, for appellee.

THOMAS, J. ██ The bill as amended is free from grounds of demurrer assigned. It is filed by the widow and not by the mortgagor; she had the right to protect her homestead interests in the property by its redemption.

The bill avers, among other things, that the mortgagor married complainant after the mortgage securing the original indebtedness was executed; that she knew nothing of the status of that indebtedness; that her husband kept no books that would inform her; that appellants purchased the mortgage after the death of the mortgagor for the purpose of tacking thereto or collecting thereby foreign, improper, and illegal claims to that of the mortgage indebtedness so secured; and that appellants demanded attorneys' fees. She submits herself fully to the jurisdiction of the court and avers her readiness and ability to pay the amount ascertained by the court to be due on the mortgage.

██ There being illegal or unsecured items demanded of the mortgagor, or his successor in title, on the effort of his widow to redeem—this being the widow with the homestead rights—the forfeitures created by statute, as to delivery of possession, etc., do not obtain. Johnson v. Williams, 212 Ala. 319, 102 So. 527. See, also, as to maintaining a bill without tender, Johnson v. Davis, 180 Ala. 143, 60 So. 799; Slaughter v. Webb, 205 Ala. 334, 87 So. 854; Dorrough v. Barnett, 216 Ala. 599, 114 So. 198.

 The general rule is, when the statement of lawful charges claimed under the mortgage or by a purchaser at foreclosure thereof is exaggerated or had tacked thereto illegal demands or charges not secured by the mortgage or authorized by the law, or if the same is "so questionable that the redemptioner acting in good faith cannot reasonably ascertain the amount that should be tendered for redemption, no tender" is necessary or need be made before the bill for redemption is filed. The ruling of the court on the eleventh ground of demurrer to the bill as amended is free from error.

The terms for the foreclosure and sale of real property prescribed by the mortgage are: "If default be made in the payment of any obligation herein secured or the grantors shall in any way dispose or part with possession of any of said property, or if said mortgagee or its successors or assigns shall see fit to do so it is authorized, before or after the maturity of said debt, at any time to take possession of said personal property, to sue for or otherwise collect in its own name and at our expense, said rent and advances, and choses in action due to us, to sell said personal property and real estate at public outcry or private sale, and to sell the same before or after and whether in possession at time of sale or not and with or without notice of the time,

place and terms of sale, at its election; and in case it gives notice, to determine what kind it will give to make said sale when, as and where it shall seem best to it, for cash or on credit; to become purchaser at any such sale of either the real or personal property said, to make deeds of all such sales, and accept the amount bid, and waive the right to question its adequacy."

It is noted that this power of sale is silent as to the place, terms of sale, or notice of date of the attempted foreclosure; that where the instrument is silent as to place or terms of sale or character of notice required to be given, the sale "may be made at the courthouse door of the county wherein the land is situated, after condition broken, for cash to the highest bidder, after 30 days' notice of the time, place, and terms of sale by publishing such notice," as required by section 9011, Code of 1923.

■ The bill will be taken with and aided by its exhibits of the mortgage, the foreclosure deed, and answer to notice. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90.

The alleged foreclosure is evidenced by exhibit deed to assignees and purchasers, which contains the following: "* * * property therein described was advertised for sale for five days, by written notice giving notice of the time, place and terms of sale, said notice having been posted in a public place in the town of Ashford, Alabama, on the 18th day of October, 1927, and continuing to be posted until and including the 22nd day of October, 1927, said notice of sale being signed by Fellows & Forrester, the assignees and owners of said mortgage and the debts secured therein, and whereas, in strict compliance with the power of sale contained in said mortgage, the property therein described was offered for sale to the highest bidder for cash on the 22nd day of October, 1927, in front of Fellows & Forrester's store in the town of Ashford, Alabama, and the same was purchased by Fellows & Forrester, a partnership composed of F. L. Fellows and K. L. Forrester, for the sum of $1400.00 which was the best and highest bid therefor, the mortgagee and the assignee being authorized under the powers contained in said mortgage to bid and become the purchaser at said sale, there being due under and by the terms of said mortgage the sum of Thirteen Hundred Seventeen and 88/100 Dollars, besides the sum of Eighty Two and 12/100 Dollars attorneys' fees for foreclosure of said mortgage."

■■ It should be borne in mind that the redemption is not from a third party purchasing at a foreclosure sale, and that this bill is to redeem from the mortgagee or his assignees, as purchasers, under an irregular foreclosure. When a mortgagee becomes the purchaser at his foreclosure sale that is regular, he is entitled, on redemption, to all lawful claims provided in the instrument and by

statute, and to the amount of the bid, though it is in excess of the purchase price; but he is not entitled by reason of his purchase to demand on redemption unlawful or improper claims, even though the purchase price was made to embrace the illegal and improper items. Bean v. Pearce, 151 Ala. 165, 44 So. 83, Perry v. Seals, 186 Ala. 514, 65 So. 151. See, also, Johnson v. Williams, 212 Ala. 319, 321, 102 So. 527. And being an irregular foreclosure, the assignee was not entitled to attorneys' fees.

■ It is apparent from the averments of the bill as amended that appellee, as the widow of the mortgagor, was entitled to a full accounting in a court of equity, not only to ascertain the just and true amount due on the debt secured by the mortgage, but also to purge the statement furnished by appellants of the alleged unlawful claims and charges as response to her demand-notice as of date of November 12, 1927, shown as an exhibit to the pleading. The burial expenses and attorneys' fees included in the notice were not necessary to be tendered or paid in order that the widow may effectuate a redemption of the real property impressed with the right of homestead at the time of the death of the mortgagor and husband. Tharp v. Johnson, ante, p. 537, 122 So. 668, Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623.

■ The recitals that are contained in Exhibit D show the same are responsive to demand, etc. They are:

"To Mrs. L. M. Butkett, alias Mrs. P. V. Burkett, or Her Attorney, John W. Rish.

"In answer to your demand of November 4th, 1927, served upon us on November 5, 1927, we hereby furnish you itemized statement of the debt and all legal charges of the debt claimed by us as purchasers of the SW¼ of the SE¼, section 20, township 2, range 29, containing 40 acres of land situated in Houston County, Alabama, which we claim as purchasers of the mortgage executed by L. M. Burkett during his lifetime to S. W. Burkett, and recorded in mortgage book 133, page 87, of the Probate Office of Houston County, Alabama, and also as purchasers of the same at foreclosure sale on October 22, 1927. The items making up the debt and lawful charges secured by said mortgage and advanced under and by the terms of said mortgage, are as follows, to-wit."

When these are taken with the several averments of the bill as amended, they aid the bill (Grimsley v. First Ave. Coal Co., 217 Ala. 159, 115 So. 90; Leddon v. Strickland [Ala. Sup.] 118 So. 651) [1] in the allegation that complainant made demand upon Fellows and Forrester (and had reply thereof and thereto) for a statement in writing of the items of charge and sums necessary to a redemption "of the debt and all lawful charges claimed by" them under section 10144, Code of 1923.

---

[1] 218 Ala. 436.

604

There was no error in allowing amendment of the bill by interlineation. When the cause is being heard in open court and all parties represented, a copy of amendment need not be served on the opposite parties. Thompson v. Menefee (Ala. Sup.) 118 So. 587.[2] It was not a new pleading in the sense indicated by section 6559 of the Code. When the rights and interests of the parties have not been prejudiced by allowing amendment, motion to strike same should be overruled. The substituted amendment to the bill filed before decree becomes the original pleading. There was no error in overruling respondents' motion. Roach v. Olive, 208 Ala. 612, 95 So. 23. The amendment without notice was made after decree pro confesso in Walls v. Skelton, 215 Ala. 357, 110 So. 813, where it was held the decree pro confesso did not apply to said amendment of which there was no notice given. As to such amendment the decree was premature. Farmers' State Bank v. Inman, 207 Ala. 284, 92 So. 604.

There is no reversible error, and the decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

