139 So. 88

**HART v. JACKSON ST. BAPTIST CHURCH OF BIRMINGHAM, ALA., Inc.**

6 Div. 49.

Supreme Court of Alabama.

Jan. 14, 1932.

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, for appellant.

C. B. Powell, of Birmingham, for appellee.

FOSTER, J.

The bill filed by appellee is for the purpose of a redemption. It alleges the execution by them of two mortgages on the same property held by appellant, and that each is invested with usury and states the amount of the usury, the principal of the debts, and the amount of the payments. Under such averments, there is shown a knowledge by appellees when they filed their bill of the true amount of each mortgage debt.

In respect to a foreclosure by appellant, the bill, before amendment, alleged that "respondent (appellant) proceeded to foreclose said mortgage by publishing a notice of foreclosure in the Labor Review, a weekly newspaper published in Jefferson County, Alabama, a copy of said notice being attached to this bill marked exhibit D, and made a part hereof." It did not allege a sale with the name of the purchaser and amount of purchase price.

The mere allegation that the mortgagee had proceeded to sell by publishing a notice of foreclosure sale does not show a foreclosure sale cutting off the equity of redemption. As originally filed, therefore, the bill shows that complainants had the equity of redemption, and the bill was sufficient to enforce that equity. But, before a decree was rendered on demurrer, it was amended by alleging "that respondent purchased the property described in this bill at said foreclosure sale." The mortgage authorized him to purchase at the sale. It still did not allege the date of sale nor the amount of the purchase price. It might have been after the filing of the bill. But the presumptions are taken against complainants, and therefore we must presume that it was sold before the bill was filed. The bill does not allege that there was a foreclosure of the first mortgage, but of the second only. So that, on a test of the equity of

the bill, it was presumably filed after a foreclosure of the second mortgage, there being in existence a first one outstanding on the same property, and between the same parties. The holder of both the mortgages was the purchaser at such foreclosure sale. It must therefore be treated as an effort to exercise the statutory right of redemption under the foreclosure of the second mortgage. It does not allege a delivery of possession to the purchaser, nor that the complainants were not themselves in possession, nor that no written demand was made for its possession, nor other excuse for not delivering possession to such purchaser. Section 10148, Code; Stocks v. Young, 67 Ala. 341; Baker v. Burdeshaw, 132 Ala. 166, 31 So. 497; Snow v. Montesano Land Co., 206 Ala. 310, 89 So. 719. It is therefore defective in this respect as a bill to exercise the statutory right of redemption.

The bill offers to pay such sum as the court may ascertain to be due the respondent. But it does not allege a tender, or any excuse for not doing so, as that the complainants did not know and could not ascertain the proper amount, or an unsuccessful reasonable effort to make the tender with payment into court. No written demand for the amount of the debt and lawful charges is alleged as authorized by section 10144, Code. The first mortgage debt is a lawful charge when the mortgagee is the purchaser, and owns both mortgages, and it must be paid or tendered in order to effect a redemption from the foreclosure of the second mortgage by the mortgagor. Subdivision 3, § 10145, Code.

The foreclosure of the second mortgage cut off the mortgagor from the equity of redemption under the first, because it was that equity which was the subject of the second mortgage. There was no effort to avoid the sale for fraud or other irregularity. There remained then in the mortgagor only the statutory right to redeem under the foreclosure of the second mortgage, with the debt of the first as a lawful charge. The bill cannot stand as one to enforce the equity of redemption under the first mortgage.

When the mortgagee, or his transferee, buys at his own foreclosure sale, though with due authority, the amount due on the mortgage with interest and other lawful charges constitute the amount necessary to redeem by the mortgagor who owes the debt, rather than the purchase price and such lawful charges. Bean v. Pearce, 151 Ala. 165, 44 So. 83; Ivy v. Hood, 202 Ala. 121, 79 So. 587; Fellows v. Burkett, 219 Ala. 601, 122 So. 808.

A bill to redeem under the statute must aver a payment or tender of the amount required by the statutes, or show a valid excuse for failure to do so. Section 10145, Code; Francis v. White, 160 Ala. 523, 49 So. 334; Baker v. Burdeshaw, 132 Ala. 166, 31 So. 497; Slaughter v. Webb, 205 Ala. 335, 87 So. 854.

The demurrers were addressed to such defects, and we think they should have been sustained. The decree overruling the demurrers is reversed, and a decree here rendered sustaining them, and the cause remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.