## EWING v. FIRST NAT. BANK OF MONT-GOMERY et al.
### 3 Div. 45.

Supreme Court of Alabama.

June 8, 1933.

Ball & Ball, of Montgomery, for appellant.

Rushton, Crenshaw & Rushton, of Montgomery, for appellees.

**BROWN, Justice.**

This is a bill by the mortgagor to redeem from foreclosure made under power of sale embodied in the mortgage.

The bill does not aver tender of the purchase money, interest, and lawful charges.

To relieve complainant from the statutory duty of making such tender, the bill, after alleging that the complainant made written demand of the mortgagee-purchaser and its vendee, for a statement in writing of the debt and lawful charges as authorized by section 10144 of the Code of 1923, further avers, "That on, to-wit, October 19th, 1932, complainant received from said Bank as Trustee and Gordon K. Meriwether a statement of the amount of the debt and charges claimed by said bank and said Meriwether, a copy of which with the statement thereto is attached hereto as Exhibit 'C' and made a part hereof; but that said statement is incorrect and is false and contains a very considerable number of charges which are in law not proper charges and some of the charges therein claimed are exaggerated, and complainant is not able to ascertain the correct amount of said mortgage debt or the correct amount of the charges claimed by the respondents and is unable to ascertain the amount necessary to be paid or tendered in order to redeem said property and that said statement is incorrect among other things in this, that the amount of the purchase money alleged to have been paid by said bank or by said Meriwether is incorrect in that there is claimed $425.00 as attorney's fee in the foreclosure proceedings when that amount was not paid to any attorney by the respondents to foreclose said mortgage, and that the charges for improvements are padded and exaggerated and many of said charges are for improvements which were not placed on the land hereinabove described but were placed on other land not described in said mortgage and that the fence for which $742.20 is claimed did not cost that amount and that the two barns which are alleged to have cost $609.35 did not cost that amount, and that the respondents did not furnish all of the improvements claimed in said statement, but that some of them were furnished and paid for by a third party whose name is unknown to complainant and that said statement is otherwise false, untrue and exaggerated both as to the alleged purchase money and as to the improvements as well as the taxes, and that complainant is desirous of redeeming said property and offers to pay the lawful and correct amount necessary to redeem said property."

The demurrer to the bill, which was sustained, challenges the sufficiency of these averments on grounds, among others, that:

"6. The statement of the bill that 'said statement is incorrect and is false and contains a very considerable number of charges which are in law not proper charges and some of the charges therein claimed are exaggerated,' is a mere conclusion of the pleader.

"7. The items of the statement which are alleged incorrect and those which are 'false' and those which are 'not proper charges' and those which are 'exaggerated' are not specified with certainty.

"8. The allegation that the amount of the purchase money alleged to have been paid by said bank as attorneys' fees was not paid is immaterial if said amount is owed as attorney's fees under an agreement with the bank as to foreclosure fees.

"9. For aught that appears, the fee of $425.00 is a reasonable fee and part of the debt secured by said mortgage.

"10. It is not specified which improvements were not 'placed on the land hereinabove described but were placed on other lands not described in the mortgage.'

"11. The allegation that the fence for which $742.20 is claimed did not cost that amount is now [not] an allegation that said improvement is not reasonably worth that amount.

"12. The allegation that the two barns which are alleged to have cost $609.35 did not cost that amount is not an allegation that said improvements were not reasonably worth that amount."

█ Our judgment is that these grounds of demurrer were well taken. If the mortgage provided for an attorney's fee for foreclosure, as a part of the debt, and the amount claimed as a part of the debt was reasonable and was paid or a liability therefor incurred in its foreclosure, it was properly included. The bill merely negatives the payment of such fee.

█ The statute, Code 1923, § 10153, does not deal with the cost, but "the value of all permanent improvements made on the land since the foreclosure sale," and, while the cost of improvements is related to the value, the reasonable value is made the basis of payment by the redemptioner.

The statute does not contemplate that the redemptioner shall pay for improvements made by parties in no way connected with the title acquired through the mortgagee, but only by the mortgagee-purchaser or those succeeding to the mortgagee's title. The averments of the bill, under the authorities, were not sufficiently specific. Slaughter v. Webb, 205 Ala. 334, 87 So. 854; Dorrough v. Barnett, 216 Ala. 599, 114 So. 198; Cummings v. Vann, 215 Ala. 488, 111 So. 229.

The decree of the circuit court will be affirmed, but with leave of the complainant to amend within twenty days from the filing of the mandate of this court with the register.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.