2 So.2d 903

**DURR DRUG CO. v. ACREE et al.**

5 Div. 341.

Supreme Court of Alabama.

June 13, 1941.

Sam W. Oliver, of Dadeville, for appel-
lees.

Richard H. Cocke, of Alexander City,
for appellant.

FOSTER, Justice.

This is a proceeding to declare and enforce the statutory right of redemption at the suit of appellant. The cause was here on former appeal to settle a controversy between appellant and the Reconstruction Finance Corporation as to which of them owned and could exercise such right. On that appeal, it was held that this appellant had the right rather than the Reconstruction Finance Corporation, and it was remanded for further proceedings to enforce it. 239 Ala. 194, 194 So. 544. The trial court so decreed on another hearing, but appellant is dissatisfied with certain details of that decree, and has brought this appeal to review and correct them.

The mortgage in question was one which had been executed by Mrs. Tucker to the Federal Land Bank. That bank on May 8, 1937, assigned the mortgage to T. C. Acree, and he in turn foreclosed it under the power on June 21, 1937, and at the sale Clyde Acree and W. R. Sheeley became the purchasers at the sum of $4,474.-67. There was and is no dispute that the amount of the debt then due and unpaid was $3,913.14. The balance of the amount of the sum bid is made up as follows: state and county taxes $119.13; city taxes $37.-90; recording fee and tax $4.50; attorneys' fee on foreclosure $400.

Appellant contends first that the amount of this purchase price should not include, on this redemption, the amount of said attorneys' fee. The contention is that Clyde Acree and W. R. Sheeley bought merely as the nominees of T. C. Acree, and should stand in his shoes as the foreclosure purchasers; and appellant seeks to enforce the principle that when the mortgagee, or his assignee, buys at the foreclosure sale, the "purchase money" is the amount due on the mortgage debt (if less than that bid at the sale) and not the sum which was bid. Bean v. Pearce, 151 Ala. 165, 44 So. 83; Hart v. Jackson Street Baptist Church, 224 Ala. 64, 139 So. 88.

We need not analyze the evidence to determine whether T. C. Acree was in effect the purchaser through. a nominee, because we do not think that the bid at the sale included an amount as attorneys' fee in excess of a proper sum. We cannot sustain appellant's contentions in that respect. One is that the mortgage does not make the attorneys' fee on foreclosure under the power a part of the debt secured, as it does on foreclosure in equity. But it authorizes the mortgagee on foreclosure under the power to pay out of the proceeds the expenses incident to the sale and a reasonable attorneys' fee. When the cases declare that the amount of the debt secured by the mortgage shall be treated as the purchase price, rather than the amount of the bid, the reason for this declaration is stated in Bean v. Pearce, supra. It was not intended to ignore the expenses of sale and attorneys' fee in that connection, though not expressly made a part of the mortgage debt. They are to be paid out of the proceeds, and therefore must be computed in determining the "purchase money" under this rule, though not made a part of the debt in express terms. Compare Tompkins v. Drennen, 95 Ala. 463, 10 So. 638; Hart v. Jackson Street Baptist Church, supra; Ewing v. First National Bank, 227 Ala. 46, 148 So. 836.

Appellant advances as another reason why the amount of $400 attorneys' fee should not be treated as a part of the purchase money, that there was a prior agreement with the attorney that he would only charge a fee of $50. If the sum of $400 was not a reasonable charge, or if a smaller sum was agreed upon, and the purchasers were acting for the assignee of the mortgage in making the purchase, the amount of the bid should be reduced in fixing the amount of the "purchase money" under the statute for a redemption.

We have examined the evidence on that subject, and find no occasion to disagree with the finding of the trial court.

Appellant also complains of that feature of the decree which requires him to pay interest at ten per cent. per annum on $4,474.67 from the date of foreclosure to the date of payment. There was no tender made prior to filing the bill and no amount was brought into court as a tender, but the bill makes excuse for not doing so, which was sustained by the court, since redemption was decreed, and there is no cross-assignment of error.

It has been held under such circumstances that interest at ten per cent. on the amount bid at the sale should be al-

lowed from the date of foreclosure to the date of filing the bill, and thereafter at six per cent. until redemption is effected. Crawford v. Horton, 236 Ala. 568, 183 So. 868; Morrison v. Formby, 191 Ala. 104, 67 So. 668; Weathers v. Spears, 27 Ala. 455; Steele v. Hanna, 91 Ala. 190, 9 So. 174. This theory presupposes that tender prior to filing the bill was excused, and that filing the bill is itself equivalent to a tender. Morrison v. Formby, supra, 191 Ala. at page 108, 67 So. 668.

■ Appellant also complains that the court improperly made a charge of $10.34 and interest at six per cent. from June 21, 1937, fee paid by the purchasers for recording the foreclosure deed and tax incident to the same. We think this position is well taken. Recording the deed is not an expense of foreclosure. That is complete with its execution and delivery. It is wholly discretionary with the purchasers whether they will record it. If they determine to do so, the burden is their own, and there is no law which makes its cost a charge on redemption, and there is nothing in the mortgage which has that effect.

Objection is also made to certain alleged items of permanent improvement, as follows: termite control $25; putting new roof on building $191.90.

■ In paragraph four of the bill it is alleged that appellant made written demand on the purchasers for a statement of the debt and lawful charges necessary to effect a redemption. That they did furnish such statement, a copy of which is attached to the bill, but that it was grossly exorbitant, and included exaggerated and illegal claims, and is so questionable, vague, indefinite and uncertain that complainant cannot reasonably ascertain the amount it should tender. The sufficiency of such allegations is not now questioned. Compare Godfrey v. Black, 240 Ala. 151, 197 So. 892. That statement contained a claim for the cost of spraying dwelling for termite control $25, but contained no item for the new roof.

■ This Court held that permanent improvements mean anything that enhances the value of the land including such as restores it after injury or decay, including repairs which are permanent, not necessarily of an everlasting character, including repairs to the roof and chimney, and painting the house, etc. Smith v. Sulzby, 205 Ala. 301, 87 So. 823; Rodgers v. Dixon, 239 Ala. 72, 193 So. 741(6).

■■ An insufficient response to a demand under section 10144, Code of 1923, Code 1940, Tit. 7, § 731, relieves the redemptioner from making tender otherwise necessary. But it does not forfeit claim to permanent improvements if he furnished the statement in good faith and included the item in question. Slaughter v. Webb, 205 Ala. 334, 87 So. 854. Since the cost of termite control was included, and we do not find any evidence of bad faith in furnishing the statement, we know of no reason for disallowing the amount of this claim.

■ The roofing work was done after the response was made to the demand under the statute (section 10144), and before the bill was filed to redeem. It could not have been included in the answer to the demand. But the purchaser was not precluded from making additional improvements before the bill was filed or tender made. Parmer v. Parmer, 74 Ala. 285. Claim for such additional improvements before bill filed, there being no prior tender, was not forfeited by the response made in good faith to the demand. The purchasers were required to respond as to conditions occurring when the answer was made, not later than ten days after the demand. No provision is made for a supplemental response. The statute does not cover a contingency, where improvements were made later but before the bill was filed or tender made. We think under such circumstances that while the tender prior to filing the bill was excused, the claim for that item should not be forfeited. No contention is here made as to the amount of the value of such improvement, but only its legality.

From this discussion, we think it results that the two items are proper charges as permanent improvements and properly allowed as such.

### Rents and Parity Payments.

Section 10145, Code of 1923, Code 1940, Tit. 7, § 732(6), provides that the purchaser is entitled to all rents paid or accrued to date of redemption, and that they be prorated as of that date. It was not so provided by statute prior to the Code of 1923. See section 5749, Code of 1907. In Parmer v. Parmer, 74 Ala. 285, it was held that rents collected prior to a tender and offer to redeem were the property of the purchaser. See, also, Williams v. Rouse, 124 Ala. 160, 27 So. 16.

■ The statute as now existing, supra, was not probably intended to change that rule, but rather to enact it in that form. The date of redemption should be interpreted to mean the date of the tender to redeem kept good. We have shown that when no prior tender is necessary, the filing of the bill prosecuted to effect is the date of tender in that respect.

This bill was filed January 19, 1938. The stipulation of the parties on page 2 of the transcript shows the amount of rents collected by the purchasers in 1938, 1939 and 1940.

■ The amount of the Government parity payments on the cotton reduction program is also included in said stipulation. But we think this amount is not in the nature of rents, but a subsidy to the one who cultivates the land on account of his co-operation in the plans of the Government in aid of agriculture. In such claims, we do not think appellant should share.

### Costs.

The trial court taxed the costs of that court, other than that on former appeal to appellant and Reconstruction Finance Corporation. We take it that this means an equal burden on each of them. Appellant complains Reconstruction Finance Corporation is not cited as appellee.

Prior to the former appeal, the evidence was taken on all the issues. This included the controversy between this appellant and Reconstruction Finance Corporation as to which had the right of redemption. It also included the issues incident to an exercise of that right which are now presented. There was no further testimony taken, but the parties agreed on certain facts not covered by the evidence taken before the first appeal. There was no reference, but the trial court fixed the amount necessary to be paid on redemption, from the evidence previously taken and the stipulation of the parties. So that substantially all the costs had accrued at the time of such former appeal. On that appeal we did not tax any cost except that of appeal.

■ For us on this appeal to retax the cost which accrued in the trial court prior to this appeal, we would have to put that burden either on Reconstruction Finance Corporation or Acree and Sheeley, from whom the redemption is being effected. But there was no citation of appeal to Reconstruction Finance Corporation, so that we cannot change their status for the worse. We cannot therefore impose on it more of the cost than was done by the trial court. In fact it was probably an exercise of sound discretion, to decree that one-half of such prior cost pertained to the controversy between appellant and Reconstruction Finance Corporation. It should not be disturbed in that respect.

■ On this appeal there are some substantial changes made in the decree to the advantage of appellant. These changes justified the appeal and appellant should not be put to the cost necessary to get the benefit of them by means of the appeal. But those matters constitute such a small proportion of the cost which accrued prior to the first appeal that we think appellees should not be taxed with part of that cost, but with all the cost of the present appeal.

The decree of the trial court is so modified as that:

1. The interest on $4,474.67 should be computed at ten per cent. per annum from June 21, 1937, to January 19, 1938 (the date of filing the bill in this suit), and thereafter six per cent. per annum to date of payment.

2. As to exclude the item of $10.34 and interest on it for recording the foreclosure deed and tax on it.

3. As to charge appellees on the redemption (a) with the amount of the agreed rent for 1938 of $138.76, (b) with the agreed rent for 1939 of $177.21, (c) with the agreed rent for 1940 of $157.98, (d) with that portion of the rent for 1941, which appellees may collect if any.

4. As to allow appellant sixty days from this judgment in which to perfect a redemption, as herein declared.

As so modified, the decree is affirmed. The cost of appeal in both courts taxed against appellees. Remanded to the trial court in which the redemption is to be accomplished pursuant to the decree of that court as herein modified.

GARDNER, C. J., BOULDIN, and LIVINGSTON, JJ., concur.