178 So.2d 829

**Hilma LADD et al.**

**v.**

**K. C. PARMER et al.**

**1 Div. 182.**

Supreme Court of Alabama.

Sept. 30, 1965.

Mayer W. Perloff, Mobile, for appellants.

Diamond & Lattof, Mobile, for appellees.

PER CURIAM.

This is an appeal from a final decree of the Circuit Court of Mobile County, in Equity, fixing the amount appellants should pay to redeem their real property sold to appellees at a mortgage foreclosure sale.

The trial court fixed the sum at $9,081.35, but did not in the decree break down or itemize the items composing the same. We are left to an ascertainment of the items by reading the text of the evidence. This we have done. The briefs of the parties were very helpful in this respect.

Section 727, Title 7, Code of Alabama 1940, provides for the redemption of real estate from a mortgage foreclosure sale (as here), while Section 732 of the same title lists the items and charges that must be paid in order to effect such redemption.

Our review of the evidence and an examination of the contentions of the parties rule out any dispute as to the purchase price paid at the foreclosure sale, taxes, paving and sewage assessments. The latter (paving and sewage assessments) was a lien against the real property that was foreclosed. Neither is there any quarrel with the calculation of interest on these items.

There is a dispute about the amount claimed for repairs and improvements on the property made by appellees during the redemptive period of two years; also an item of $6.50, for recording the foreclosure deed, is challenged.

There was substantial evidence that appellees made repairs and permanent improvements on the buildings on the foreclosed property during the redemptive period in the sum of $3,202.66. Appellee testified at one time that the value of the improvements and repairs he made was near $4,500.00, while at another time he testified the value was $3,202.66. Another witness for appellees testified that such market value of the improvements and repairs was $3,950.00. The evidence being ore tenus, the trial court evidently accepted the figure of $3,202.66 without interest.

But included in this figure of $3,202.66 was $350.00 allowed appellee for supervising and helping in the repairs and improvements while being made; and also for time consumed, and economy effected for making purchases of materials.

We held in Ewing v. First National Bank of Montgomery, 227 Ala. 46, 148 So. 836:

"The statute, Code 1923, § 10153, does not deal with the cost, but 'the value of all permanent improvements made on the land since the foreclosure sale,' and, while the cost of improvements is related to the value, the reasonable value is made the basis of payment by the redemptioner."

There was evidence before the court that the value of these improvements was $3,202.66. While the cost of the improvements did include an item of $350.00 for services of appellee in supervising the work and in purchasing materials, such inclusion should not necessarily be eliminated or deducted from the value of the improvements to which the value is related. Such value is not circumscribed or limited by the cost, but only related thereto. If work, economy of purchases at a discount, and the supervision of labor by appellee contributed to the value of the improvements, then redemptioner cannot complain. The value of the improvements must be paid and not particularly the cost.

We do not think the item of $6.50 for recording the foreclosure deed is a proper charge to be paid by the redemptioner. We do not find any provision in Sec. 732, supra, for such charge.

The final decree of the trial court should be modified by eliminating therefrom the sum of $6.50. To this extent the decree is modified, but otherwise is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Modified and affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, COLEMAN and HARWOOD, JJ., concur.