This is an appeal from an order denying redemption of property foreclosed and sold under the terms and conditions of a mortgage.
Appellant, Donald J. Garvich, and Jefrey L. Collier were business associates. Garvich invested with Collier a sum of money for the purchase of real estate. On August 29, 1979, Collier borrowed $34,316.25 from Associates Financial Services Company of Alabama, Inc. (Associates). Collier concurrently executed a loan agreement and a real estate mortgage. He made two monthly payments of $618.32 on the loan in October and November of 1979, leaving a balance of $34,160.65. He made no further payments and filed for bankruptcy in January 1980.
In June 1980, during the bankruptcy proceedings, Associates obtained an order granting it the right to foreclose the mortgage. Associates proceeded with the foreclosure and purchased the property at public auction on July 31, 1980, for $40,229.50. Net balance due under the mortgage was $38,686.82.
From the trustee in bankruptcy, Garvich acquired Collier's interest in the property *Page 32 
by a trustee's deed dated September 30, 1980. Garvich's interest included Collier's statutory right of redemption.
On November 10, 1980, Garvich, through his attorney and in compliance with Alabama Code, § 6-5-234, requested from Associates an itemized statement of the amount necessary to redeem the property. This information was supplied by Associates in a statement dated December 19, 1980.
Meanwhile, the property had been placed on the market by Collier and later by Associates. When Associates received a memorandum from Garvich of his intention to redeem the property, it removed the property from the market. Associates, however, put the property back on the market and entered into a sales contract with Charlotte L. Gordon and George Sachs on November 28, 1980. The sale was closed on December 10. They paid $44,252.45 for the property, plus $800.00 attorney's fees.
On February 10, 1981, Garvich sent another request to Associates for an itemized statement of the amount necessary to redeem the property. On February 13, Associates' attorney replied to the request. He informed Garvich that Gordon and Sachs had purchased the property subject to statutory redemption and attached a copy of the statement dated December 19, 1980.
Garvich then sent requests for itemized statements to Gordon and Sachs on March 25, and April 1. On March 31, Gordon, in a unitemized statement, replied that they had paid $45,106.00, which included attorney's fees. On April 23, Sachs's attorney replied that the joint owners had paid $45,052.45, including $800.00 for legal fees. The statement did not include any further itemization of the amount paid.
Garvich neither tendered payment to the purchaser nor the court for redemption of the property.
Before addressing the issue of tender, it is necessary first to discuss whether the right of redemption was sufficiently assigned to Garvich.
Upon mortgage foreclosure sale, by the terms of the mortgage or under court order, the equitable right of redemption is extinguished and the statutory right of redemption arises.Trauner v. Lowrey, 369 So.2d 531 (Ala. 1979). The statutory right of redemption, therefore, arose during Collier's bankruptcy proceedings and after his estate was held by the trustee in bankruptcy.
The statutory right of redemption can be preserved in bankruptcy proceedings. "The waiver of the trustee in bankruptcy relate[s] back to the filing of the petition in bankruptcy, or to the order of the court of [mortgagor's] adjudication as bankrupt." Crawford v. Horton, 234 Ala. 439,444, 175 So. 310, 314 (1937). The trustee in bankruptcy, who preserved the statutory right of redemption by waiver, then transferred that right to Garvich through a trustee's deed.
Under Alabama Code, § 6-5-230 (Ala. 1975), the statutory right of redemption is clearly assignable and can be properly exercised by the assignee. The statutory right of redemption, therefore, was sufficiently assigned to Garvich and he was the proper party to exercise it. Denson v. Providence Mut. LifeIns. Co., 231 Ala. 574, 166 So. 33 (1936).
Associates has alleged that Garvich has not shown a legally justifiable excuse for failure to tender payment prior to the filing of this action. Associates argues that because of this failure to show excuse for tender, Garvich has not complied with the requirements of Alabama Code, §§ 6-5-230 and 6-5-237 (1975), and has forfeited his statutory right of redemption.
Alabama Code, § 6-5-237 (1975), provides that when the purchaser has refused the redemptioner's tender of payment, the redemptioner has a right to file a complaint to enforce his right of redemption. Under Alabama Code, § 6-5-230 (1975), a complaint "must aver payment or tender of the amount required by the statutes, or show a valid excuse for failure to do so."Hart v. Jackson St. Baptist Church, 224 Ala. 64, 66,139 So. 88, 89 (1932); see also Slaughter v. Webb, 205 Ala. 335,87 So. 854 (1921); Francis v. White, 160 Ala. 523, 49 So. 334 *Page 33 
(1909); Baker v. Burdeshaw, 132 Ala. 166, 31 So. 497 (1902). Furthermore, a complaint which does not allege "tender, nor noncompliance with a demand for a statement of the amount to be tendered" may be dismissed unless good excuse is shown by the complaint. Robino v. Green, 270 Ala. 491, 493, 119 So.2d 897,898 (1960); see also Rodgers v. Stahmer, 235 Ala. 332,179 So. 229 (1938); Goodwin v. Donahue, 229 Ala. 66, 155 So. 587
(1934).
Application of the statute, however, has been tempered by the courts of equity.
 "Courts of equity, in keeping with the general policy of redemption statutes, namely, the prevention of the sacrifice of real estate by forced sales, have excused the literal compliance with these statutes, and entertained bills for statutory redemption in a variety of cases, wherein, because of some fault of the party from whom redemption is sought, compliance would be useless, or, for any reason, not the fault of the redemptioner, it becomes impractical to comply." (Citations omitted.)
Rodgers v. Stahmer, 235 Ala. at 333, 179 So. at 230.
Garvich, however, has sought enforcement of his statutory right of redemption under Alabama Code, § 6-5-234 (1975), and has averred that the appellees have not complied with that section:
 "Anyone desiring and entitled to redeem may make written demand of the purchaser or his vendee for a statement in writing of the debt and all lawful charges claimed by him, and such purchaser or vendee shall, within 10 days after such written demand, furnish such person making the demand with a written itemized statement of the debt and all lawful charges claimed by him; and failing so to do, he shall forfeit all claims or right to compensation for improvements, and the party so entitled to redeem may, on the expiration of the 10 days, file his complaint without a tender to enforce his rights under this article."
Alabama Code, § 6-5-34 (1975).
While Associates held title to the property, Garvich sent written demand for an itemized statement of the amount necessary to redeem. Associates, however, failed to reply within the ten-day statutory limitation. The ten day period is provided by the statute to allow the purchaser sufficient time to prepare and return the itemized statement. The period, therefore, begins "to run from the actual receipt by the purchaser of the demand." Purcell v. Smith, 388 So.2d 525, 528
(1980). Appellees here do not claim that sufficient time did not exist nor that the demand was delayed in the ordinary course of the mails. In short, no adequate excuse for failure to reply to redemptioner's demand is given.
In Lee v. Macon County Bank, 233 Ala. 522, at 527,172 So. 662, at 667 (1937), we stated:
 "The rule as to a failure of compliance by the mortgagee-purchaser, or his vendee, in this behalf, is, that when the defendant, within ten days after such written demand on him, fails to furnish complainant with a written itemized statement of the debt and lawful charges claimed by him and required for redemption, he (the defendant) thereby forfeits all claims or right to compensation for improvements, and complainant is entitled to file his bill to `enforce his [statutory] right of redemption under Code 1923, §§ 10144, 10147, without a tender, by simply offering to pay purchaser's debt * * * and all lawful charges.'" (Brackets in original.) (Citations omitted.)
After Garvich received notice from Associates that Gordon and Sachs had purchased the property, he made requests to them for an itemized statement of the amount necessary to redeem. Gordon's response, although timely, failed to itemize the purchase price other than noting the amount of the attorney's fee. Sachs's untimely response also failed to itemize the purchase price and conflicted in amount with Gordon's response.
In Alexander v. Letson, 232 Ala. 208, 167 So. 265 (1936), the court said:
 "There was demand in writing by the party having the right to redeem under *Page 34 
the statute, and a failure by the purchaser at foreclosure to make reply thereto, as required by the law of the case, furnished a good excuse for failure to aver payment, or tender, or to bring the amount secured by the mortgage, if any, into court." (Citations omitted.)
Under this interpretation of the statute, neither Associates nor Sachs complied with the ten-day limitation of the statute. Regarding these two appellees, Garvich was thereby relieved of the requirement to tender or offer tender before filing his complaint.
In Faust v. Paramore, 266 Ala. 9, at 11, 93 So.2d 787, at 789 (1956), this court stated that the "statute requires `a written itemized statement of the debt and all lawful charges claimed by him' and the statement furnished by the purchaser seems to indicate that it did not include `all lawful charges claimed.'" Furthermore, in Durr Drug Co. v. Acree, 241 Ala. 391, at 395,2 So.2d 903, at 906 (1941), this court observed that "an insufficient response to a demand under section 10144, Code of 1923, Code of 1940, Tit. 7 § 731 [Ala. Code § 6-5-234 (1975)], relieves the redemptioner from making tender otherwise necessary."
In light of the nearly $10,000.00 difference between the amount secured by the mortgage and the subsequent purchase price, Gordon's response, which merely stated the amount paid for the property and the attorney's fee paid, was not a sufficient response under Alabama Code § 6-5-234 (1975). Gordon's insufficient response therefore relieved Garvich from making tender otherwise necessary for statutory redemption.
These theories of excuse for tender prior to filing make filing itself equivalent to a tender. Durr Drug Co. v. Acree,supra; Morrison v. Formby, 191 Ala. 104, 67 So. 668 (1914). The complaint, however, must offer and aver the redemptioner's "ability to pay the debt and all lawful charges." Faulk v.McDuffie, 215 Ala. 584, 586, 112 So. 229, 230 (1927); see alsoSlaughter v. Webb, supra; Gay v. Taylor, 214 Ala. 659,108 So. 853 (1926). Garvich averred both ability and willingness to pay the amount necessary to redeem the property; therefore, no actual tender to appellees or into court was necessary.
Under statutory redemption the amount necessary to redeem the property is usually determined by the purchase price at foreclosure sale with ten per cent interest and all other lawful charges, with legal interest. Code § 6-5-235 (1975). However, when the mortgagee buys at foreclosure sale, the amount of the debt secured by the mortgage is treated as the purchase price rather than the amount bid. Durr Drug Co. v.Acree, supra; Hart v. Jackson St. Baptist Church, supra; Beanv. Pearce, 151 Ala. 165, 44 So. 83 (1907).
In addition to the mortgage debt, payment of interest and other lawful charges may be necessary to redeem the property.Hart v. Jackson St. Baptist Church, supra; Bean v. Pearce,supra; Fellows v. Burkett, 219 Ala. 601, 122 So. 808 (1929);Ivy v. Hood, 202 Ala. 121, 79 So. 587 (1918).
Interest of ten per cent on the purchase price is allowed from the date of foreclosure until the date of the filing of the complaint. Ala. Code § 6-5-235 (1975); Durr Drug Co. v.Acree, supra; Crawford v. Horton, supra; Morrison v. Formby,supra; Steele v. Hanna, 91 Ala. 190, 9 So. 174 (1890); Weathersv. Spears, 27 Ala. 455 (1855). Reasonable attorney's fees are allowed even though they may not be expressly made part of the mortgage debt. Because attorney's fees are to be paid out of the proceeds, they "therefore must be computed in determining the `purchase money' under this rule, though not made a part of the debt in express terms." Durr Drug Co. v. Acree,241 Ala. at 394, 2 So.2d at 905.
Other lawful charges for which the purchaser or his vendee must be compensated are enumerated in Ala. Code § 6-5-235 (1975).
Garvich has correctly sought redemption from Gordon and Sachs, who bought the property subsequent to the purchase at the mortgage foreclosure sale and subject to *Page 35 
Garvich's statutory right of redemption. "[W]here property has been sold under power of sale in a mortgage and the purchaser has conveyed to another, the mortgagor must redeem from the vendee." Hobson v. Robertson, 224 Ala. 49, 49, 138 So. 548, 549
(1931).
The trustee's deed in bankruptcy sufficiently assigned the statutory right of redemption to Garvich. He was the proper party to enforce the right of redemption, and for the reasons stated within, he was excused from tendering payment before filing his complaint.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.