SHORES, Justice.
The defendant appeals from a judgment, based on stipulated facts, granting the redemption of two lots for the amount tendered into court with the filing of the complaint. We affirm.
The plaintiffs, Fred and Jewel Grantham and Clyde Skeen, sued Julian S. Reed, seeking to redeem four parcels of real estate located in Mobile County. Reed, who had *52 purchased all four lots from SouthTrust Bank of Mobile (“SouthTrust”), the mortgagee, after it had foreclosed the mortgages, raised several factual and legal defenses. Reed asserted that the plaintiffs were not entitled to redeem the lots because, he claimed, he had purchased all of the property as one parcel and for one price. He also asserted that the plaintiffs had failed to file a lis pendens notice or to accompany the complaint with a sufficient tender. The parties filed a joint stipulation of facts, and the cause was submitted to the court for decision on the stipulation, briefs, and affidavits with attached exhibits submitted by Fred Grantham, Skeen, and Reed. The trial court entered its final judgment on March 21, 1991, allowing Skeen to redeem two of the four lots for the amount tendered into court with the filing of the complaint. Reed appealed.
The parties stipulated to the following: The property at issue is located in Mobile County, Alabama, and consists of four lots in Glenn Acres, a subdivision. Two of the lots (lots 34 and 35) are unimproved. The other two lots (lots 36 and 37) are improved; there is a dwelling located on these two lots. The four lots are contiguous. The Granthams had owned the four lots, but had mortgaged them to SouthTrust. They had given two separate mortgages, one on the unimproved lots and the other on the improved lots. The Granthams defaulted and SouthTrust at a foreclosure sale purchased the improved lots for $19,-648.48 and purchased the unimproved lots for $3,102.86. Reed subsequently purchased the property from SouthTrust, subject to the right of redemption, for the sum of $24,223. Two deeds of foreclosure to SouthTrust as grantee, and a statutory warranty deed from SouthTrust conveying all four lots to Reed, were recorded in the Mobile County Probate Court. The foreclosure sale took place on February 16, 1989. On February 6,1990, the Granthams delivered a letter to Reed requesting a statement of all lawful charges to be paid in order to redeem the subject property. The Granthams requested an itemized statement pursuant to Code of Alabama 1975, § 6-5-234, on all four lots. On February 16, 1990, the Granthams assigned to Skeen their right to redeem lots 34 and 35. The plaintiffs filed their suit to redeem on February 16, 1990, and Skeen tendered $3,500 to redeem lots 34 and 35; the plaintiffs made no tender as to the two improved lots.
On appeal, Reed argues that • Skeen’s right of redemption as to the two unimproved lots as assignee of the Grant-hams must fail because he did not file a notice of lis pendens in the probate court “and also file” his complaint seeking redemption. First, we note that this issue was not raised in the trial court, and, hence, is not reviewable on appeal. Campbell v. Alabama Power Co., 567 So.2d 1222 (Ala.1990). The failure to file a notice of lis pendens when the complaint is filed is not a jurisdictional defect that would require the entry of a judgment in favor of Reed. The underlying purpose of a Us pendens notice is to benefit creditors and other third parties who may be interested in the real property that is to be redeemed. It is commonly stated that the doctrine of lis pendens is based on considerations of public policy and convenience, which forbid a litigant to give rights to others, pending the litigation, so as to affect the proceedings of the court then progressing to enforce those rights. 54 C.J.S. Lis Pendens § 3 (1987). There is neither benefit nor prejudice to Reed in the plaintiffs’ not filing a lis pendens notice when they filed the complaint. The filing of a lis pendens notice is not a prerequisite to proceeding on a complaint filed in the circuit court to redeem real estate. Alabama Code 1975, § 6-5-252, states in part:
“If the purchaser or his or her transferee fails to furnish a written, itemized statement of all lawful charges within 10 days after demand, he or she shall forfeit all claims or right to compensation for improvements, and the party so entitled to redeem may, on the expiration of the 10 days, file his or her complaint without a tender to enforce his or her rights under this article and file a lis pendens with the probate court.”
(Emphasis added.)
This statute mandates that tender be made or suit be filed within one year of fore *53 closure, but provides only that the party entitled to redeem may file a lis pendens notice with the probate court.
Reed also contends that although SouthTrust held two separate mortgages on the four lots, SouthTrust merged the title to the two parcels into a single tract by conveying the property to Reed as one parcel for a single price. Where property has been sold under a power of sale in a mortgage and the purchaser has conveyed to another, the mortgagor must redeem from the vendee. Garvich v. Associates Financial Services Co. of Alabama, Inc., 435 So.2d 30 (Ala.1983). Because Reed purchased the four lots from SouthTrust after the two foreclosure sales, the holder of the right of redemption must redeem from Reed. Because there were two original mortgage debts owed by Grantham to SouthTrust, one mortgage debt secured by lots 34 and 35 and the other mortgage debt secured by lots 36 and 37, two separate entities as to which redemption could be made were established. The joint stipulation of facts shows that the outstanding balance of the mortgage indebtedness secured by lots 34 and 35 was $3,102.86. This was the amount SouthTrust bid on the property at the foreclosure sale. Skeen complied with the requirements of the redemption statute by tendering an amount equal to or in excess of all lawful charges on the unimproved lots. The fact that SouthTrust conveyed the four lots by one deed to Reed does not have the legal effect of combining the two separate mortgage debts as to which foreclosures had occurred by separate proceedings.
Reed’s argument that allowing Skeen to redeem two of the four lots that he says were conveyed as one parcel to Reed allowed Skeen to redeem real estate piecemeal, has no merit. Skeen tendered an amount sufficient to pay the entire debt secured by the separate mortgage on lots 34 and 35. Reed had purchased two lots that SouthTrust had purchased upon foreclosure of a mortgage, and he purchased two other lots that SouthTrust had purchased upon the foreclosure of a separate mortgage. To allow Skeen to redeem the two unimproved lots, while not redeeming the improved lots, does not constitute piecemeal redemption and is in no way detrimental to Reed.
The Granthams assigned the right to redeem the unimproved lots to Skeen, and they sought redemption on the improved lots in the joint complaint for redemption filed by the Granthams and Skeen. The Granthams sought a list of all lawful charges for improvements, etc., that Reed might have made on all of the property. When Reed produced evidence that he had made substantial improvements on the improved lots, amounting to about $50,000, the Granthams did not exercise their right to redeem the improved lots. Their failure to do so, however, did not prevent Skeen, their assignee of the right to redeem the unimproved lots, which had been the subject of a separate mortgage and a separate debt, from redeeming those lots upon the payment of the entire balance due on the debt related to those two lots, plus all other lawful charges. This he did, and the trial court properly entered a judgment in his favor.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.